

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-012-CV

J. DOE, INDIVIDUALLY AND AS NEXT                    APPELLANTS
FRIEND OF F. DOE AND R. DOE, CHILDREN

V.

TARRANT COUNTY DISTRICT                               APPELLEE
ATTORNEY'S OFFICE

------------

## FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION

------------

Appellants J. Doe, individually, and as next friend of F. Doe and R. Doe (collectively, "Doe") appeal from a trial court order denying their cross-claim for writ of mandamus seeking to compel appellee Tarrant County District

Attorney's Office ("DA") to formally disclose documents inadvertently released pursuant to a public information request. We affirm.

**Background**

Jacob Muniz pled guilty to indecency with a child and was sentenced to four years' confinement. The incident occurred while Muniz was employed by Boys and Girls Clubs of Greater Fort Worth, Inc. and Boys and Girls Clubs of America (collectively, the "Clubs"). F. Doe was a victim of Muniz's crime.

In investigating potential civil claims, Doe sent public information requests to the DA and to the Tarrant County Sheriff's Office (the "sheriff's office") seeking documents relating to Muniz's investigation, prosecution, and incarceration. The sheriff's office forwarded the request it received to the DA for review and written response.[1] The DA drafted a letter to the Attorney General of Texas (the "AG") asking for an opinion on whether 277 pages of the requested documents were exempt from public disclosure.[2] The DA, however, inadvertently sent this letter, and the allegedly exempt documents, only to Doe.

---

[1] As legal counsel to the sheriff's office, the DA provides legal advice concerning open records requests.

[2] Tex. Gov't Code Ann. § 552.301 (Vernon Supp. 2008) (requiring governmental entity that wishes to withhold documents from disclosure pursuant to open records request to timely seek and obtain written ruling from AG).

2

Doe sued Muniz and the Clubs, alleging among other things that the Clubs negligently hired Muniz resulting in the sexual assault of F. Doe. Doe provided the DA documents to the Clubs in discovery and used some of them in depositions. The DA, upon learning that the AG had not received its letter requesting an opinion on Doe's public information request, immediately sent Doe a formal written demand seeking return of the documents and submitted a new letter to the AG requesting an opinion regarding Doe's requests.[3] Doe refused to return the documents, asserting that the DA failed to (1) timely request a decision from the AG, (2) provide Doe with a written statement that the DA desired to withhold the requested information, and (3) provide Doe with a copy of the DA's request to the AG as required by section 552.301 of the government code.[4]

The DA then intervened in the underlying lawsuit and requested a protective order. After a hearing, the trial court entered a protective order requiring Doe to return all inadvertently disclosed documents to the DA and to turn over for in camera inspection all originals and copies of depositions taken

---

[3] The AG provided a letter ruling in response to the DA's request. Tex. Att'y Gen. OR2006-09590 (2006). In addition to addressing the DA's claims of confidentiality, this letter noted, without discussing the error in sending the original request to Doe, that the DA's request was untimely.

[4] Tex. Gov't Code Ann. § 552.301.

in the litigation. The order further required Doe to submit an in camera letter identifying any party and person to whom Doe had disclosed or further disseminated the documents. Finally, the order prohibited all parties from further copying or duplicating, in any way, any of the documents.

Thereafter, Doe filed a cross-claim for writ of mandamus seeking an order requiring the DA to release all the documents that had been inadvertently produced to Doe. Doe asserted that the DA's failure to timely request an AG opinion resulted in a presumption that the documents were public and that the DA did not meet its burden to overcome this presumption because the DA did not present any evidence of a "compelling reason" to withhold the documents.[5] After a hearing on Doe's cross-claim, the trial court found that there was a compelling reason to withhold the documents and denied Doe's writ of mandamus. The trial court severed the mandamus action from the underlying lawsuit, and Doe perfected this appeal.[6]

---

[5] *See id.* § 552.302 (providing that when governmental body fails to timely request AG opinion, documents are subject to public disclosure unless there is a compelling reason to withhold them), § 552.321 (Vernon 2004) (providing that if governmental body does not request AG opinion or refuses to supply public information, requestor may file suit for writ of mandamus compelling disclosure). The DA does not contest that its AG request was untimely.

[6] Doe also fled a petition for writ of mandamus seeking the same relief sought by way of this appeal. This court denied Doe's mandamus petition. *In*

4

**Applicable Law**

**A.    Texas Public Information Act**

The Texas Public Information Act (the "Act") requires disclosure of public documents and information upon request to a governmental entity.[7] Information is considered public if it is "collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business: (1) by a governmental body; or (2) for a governmental body and the governmental body owns the information or has a right of access to it."[8] Section 552.021 of the Act requires that public information be made available to the public during normal business hours of the governmental body.[9]

However, some categories of information that would otherwise be public under the Act are made confidential by law other than the Act, and the Act excepts such information from the disclosure requirement in section 552.021.[10] Section 552.101 of the Act provides that "[i]nformation is excepted from the

_____

*re Doe*, No. 02-07-00010-CV, 2007 WL 530008 (Tex. App.–Fort Worth, Feb. 22, 2007, orig. proceeding).

[7] *See generally id.* §§ 552.001–.353 (Vernon 2004 & Supp. 2008).

[8] *Id.* § 552.002(a).

[9] *Id.* § 552.021.

[10] *See, e.g.*, *id.* §§ 552.101, 552.022(a), (b).

requirements of section 552.021 if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision."[11] "[G]overnmental compliance with confidentiality laws is mandatory, and their protections may not be waived by governmental entities."[12]

If a governmental agency receives a written request for public information that it believes to be within an exception to disclosure, the agency must ask the AG, in writing and within ten days of receiving the request, for an opinion about the applicability of the exception.[13] Also within ten days of receiving the request, the agency must notify the requestor of its decision to seek an AG opinion and provide the requestor with a copy of the written communications to the AG.[14] If the agency fails to timely request an open records decision from the AG, the information requested is presumed to be subject to required public

---

[11] *Id.* § 552.101. Section 552.022 of the Act also creates exceptions to disclosure for information that is "expressly" confidential "under other law." *Id.* § 552.022(a), (b). These provisions are not at issue in this appeal.

[12] *In re City of Georgetown*, 53 S.W.3d 328, 340 (Tex. 2001) (Abbott, J., dissenting).

[13] Tex. Gov't Code Ann. § 552.301(a), (b).

[14] *Id.* § 552.301 (d).

disclosure and must be released unless the governmental agency provides a "compelling reason" to withhold the information.[15]

## B. Standard of Review

Once the requested information is presumed to be public information because of an agency's failure to make a timely request for an AG opinion, the party requesting the information may seek a writ of mandamus to compel release of the information.[16] An action for a writ of mandamus initiated in the trial court is a civil action subject to appeal like any other civil suit.[17] Accordingly, although pled as a mandamus action, we do not employ the abuse of discretion standard applicable to original proceedings in the appellate courts.[18] Rather, we review the trial court's findings of fact and conclusions of law, whether express or implied, in accordance with the standards generally

---

[15] *Id.* § 552.302.

[16] *Id.* § 552.321; *see Simmons v. Kuzmich*, 166 S.W.3d 342, 348 (Tex. App.—Fort Worth 2005, no pet.).

[17] *Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n.1 (Tex. 1991); *City of Fort Worth v. Abbott*, 258 S.W.3d 320, 323 (Tex. App.—Austin 2008, no pet.).

[18] *Simmons*, 166 S.W.3d at 348. Although Doe's issues on appeal are framed in terms of the abuse of discretion standard, we review Doe's issues under the appropriate standards of review. *Id.* at 348 n.2.

applicable to a trial court's findings and conclusions in any civil matter.[19] That is, we review findings of fact for legal and factual evidentiary support, and we review conclusions of law de novo.[20]

In a trial to the court where no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it.[21] Where a reporter's record is filed, however, these implied findings are not conclusive, and an appellant may challenge them, as Doe tacitly does here, by contesting the legal sufficiency of the evidence to support such implied findings.[22] The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence.[23]

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more

---

[19] *Anderson*, 806 S.W.2d at 794 n.2; *Simmons*, 166 S.W.3d at 346.

[20] *Simmons*, 166 S.W.3d at 346; *Dallas Area Rapid Transit v. City of Dallas*, 4 S.W.3d 469, 473 (Tex. App.—Dallas 1999, no pet.).

[21] *Pharo v. Chambers County*, 922 S.W.2d 945, 948 (Tex. 1996).

[22] Tex. R. App. P. 34.6(c)(4); *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

[23] *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact.[24] In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable fact-finder could and disregard evidence contrary to the finding unless a reasonable fact-finder could not.[25]

Whether information is subject to the Act and whether an exception to disclosure applies to the information are questions of law involving statutory construction.[26] We review a trial court's construction of a statute de novo.[27] The overriding goal of statutory interpretation is to determine the legislature's intent.[28] When possible, the court must find legislative intent in the plain and common meaning of the words used in the statute.[29] Moreover, in construing

---

[24] *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960).

[25] *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

[26] *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000) (plurality opinion); *Simmons*, 166 S.W.3d at 345–46.

[27] *City of Garland*, 22 S.W.3d at 357; *Simmons*, 166 S.W.3d at 346.

[28] *Cont'l Cas. Co. v. Downs*, 81 S.W.3d 803, 805 (Tex. 2002).

[29] *Thomas v. Cornyn*, 71 S.W.3d 473, 481 (Tex. App.—Austin 2002, no pet.).

statutes, we give due consideration to AG decisions even though they are not binding.[30] This is especially so in cases involving public information requests, as the legislature has imposed on the AG the duty to provide written opinions to governmental entities that seek to withhold information requested under the Act.[31]

## Analysis

### A. Section 552.101 Exemptions from Disclosure

Doe requested documents from the DA that fall into three categories: (1) documents used or developed in the investigation of abuse or neglect of a child; (2) Muniz's Tarrant County Jail visitation cards; and (3) National Crime Information Center ("NCIC") and Texas Crime Information Center ("TCIC") reports.[32] Doe's first issue on appeal is whether the DA, after not timely

---

[30] *Jackson v. Tex. Dep't of Pub. Safety*, 243 S.W.3d 754, 758 (Tex. App.—Corpus Christi 2007, pet. denied) (citing *Pack v. Crossroads, Inc.*, 53 S.W.3d 492, 504 (Tex. App.—Fort Worth 2001, pet. denied)).

[31] *Id.*

[32] Specifically, Doe requested the following:  Muniz's Tarrant County Jail telephone call log and telephone record verification and match results; Muniz's Tarrant County Jail visitation log; Muniz's Tarrant County Jail disciplinary records; all Texas Department of Criminal Justice documents providing information relating to Muniz's 1980 and 1988 convictions; penitentiary packets; F. Doe's school, medical, and psychological records; all witness statements and summaries of witness statements; names, addresses, and telephone numbers of all witnesses the DA interviewed or contacted; all documents pertaining to the criminal history of any witness or victim; and

10

seeking an open records ruling, failed to present any evidence of a compelling reason sufficient to rebut the presumption that the information Doe requested is public information.[33]  Relying on section 552.101,[34] the DA argues that these documents are exempt from public disclosure because they are "confidential by law" and, therefore, the requirement in section 552.302 that the governmental body must timely request an AG opinion or else the information is presumed to be open does not apply.  Alternatively, the DA argues that it presented "compelling reasons" to withhold the documents.  We agree with the DA that it demonstrated compelling reasons to withhold the information.[35]

---

diagrams, maps, or sketches of the Clubs' buildings.

[33] The DA identified almost 1,000 documents that it was willing to provide to Doe upon payment of the appropriate fees.  *See* Tex. Gov't Code Ann. § 552.2615(a) (requiring governmental body, if request for information will result in costs over $40.00, to provide cost estimate to requestor identifying and explaining charges to be imposed).  Those documents are not the subject of this appeal; the only documents at issue here are those the DA sought to withhold.

[34] *Id.* § 552.101.

[35] Because we conclude that the DA provided evidence to support the trial court's determination that there were compelling reasons to withhold the documents from disclosure, we do not reach the DA's argument that it was not required to show a compelling reason.

11

### 1.  Compelling Reasons

Relying heavily on this court's opinion in *Simmons v. Kuzmich*,[36] Doe asserts that the DA's failure to timely request an AG opinion means that the documents are presumed to be public information and that the DA was obligated to provide evidence of a compelling reason to withhold the documents.  In *Simmons*, this court held that a governmental entity attempting to overcome the presumption cannot simply assert an exception to disclosure; rather, the entity must present evidence of a compelling reason to prevent disclosure under that exception.[37]  In reaching this conclusion, however, we did not examine what would constitute a "compelling reason" for a governmental actor to withhold information.  We held only that whether an exception applies is a different inquiry than whether there is a compelling reason to withhold information and that the governmental actor must do both in order to withhold information.[38]

---

[36] 166 S.W.3d 342 (Tex. App.—Fort Worth 2005, no pet.).

[37] *Id.* at 350.

[38] *Id.* ("[T]he governmental body must . . . show that its claimed exception to disclosure falls within one of the statutory exceptions to disclosure *and* how that exception creates a compelling reason to withhold the information."); *see id.* at 351–52 (Cayce, C.J., dissenting) (stating that, by presenting evidence that releasing information could compromise criminal investigation, governmental actor demonstrated compelling reason to withhold information).

12

The AG has articulated a "general rule" about what constitutes a "compelling reason" to withhold information from the public in light of the section 552.302 presumption of openness.  Specifically, the AG has identified two "compelling reasons" for a governmental actor to withhold information:

> [T]his presumption may be overcome where [1] the information at issue is deemed confidential by some source of law outside the [A]ct, and is therefore excepted from disclosure by section 552.101 . . . , or [2] where the interest of a third party is at stake. For example, where information is confidential by statute or implicates the privacy interests of a third party, the information must be withheld from public disclosure even though the governmental body maintaining the information has failed to make a timely request for an open records decision.[39]

Statutory and case law support the AG's general rule.  The Act itself provides a "compelling reason" for a governmental actor to withhold information by imposing criminal penalties on any person who "distributes information considered confidential under the terms of [the Act]."[40]  Moreover,

---

[39] Tex. Att'y Gen. ORD-630 (1994); *see also* Tex. Att'y Gen. ORD-150 (1977) ("This presumption [of openness after a governmental actor fails to timely request an AG opinion] can only be overcome by a compelling demonstration that the information should not be released to the public, as might be the case if the information is deemed confidential by some other source of law, or if an exception designed to protect the interest of a third party is applicable.").

[40] Tex. Gov't Code Ann. § 552.352; *see also* Tex. Att'y Gen. ORD-676 (2002) ("Section [552.101] . . . refers to information that a governmental body may not choose to release, and the improper disclosure of which results in criminal penalties under the [Act].  Thus, when section 552.101 applies, the

the Corpus Christi Court of Appeals recently agreed with the AG that a governmental actor demonstrates a "compelling reason" to withhold information when that actor establishes that the information is confidential by statute.[41] And the Texas Supreme Court has recognized that an "individual does not forfeit all right to control access to intimate facts concerning his personal life merely because the State has a legitimate interest in obtaining that information."[42]

Accordingly, we conclude that a governmental actor demonstrates a "compelling reason" to withhold public information when the actor shows that

[Act] prohibits the governmental body from disclosing the information.") (footnotes omitted).

[41] *Jackson*, 243 S.W.3d at 757–58 (holding that Transportation Code section 552.051 prohibits disclosure of information in basic driver's license record file, and because TDPS demonstrated that statute required TDPS to maintain confidentiality of this information, TDPS satisfied burden to show compelling reason to withhold information).

[42] *Indus. Found. of the S. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 679 (Tex. 1976), *cert. denied*, 430 U.S. 931 (1977). The AG has also consistently opined that the Act does not compel disclosure of information where "release of that information would impair some constitutional right." Tex. Att'y Gen. ORD-430 (1985) (holding that lists of persons who visited with inmates are exempt from disclosure because information is confidential by constitutional law); *see also* Tex. Att'y Gen. ORD-185 (1978) (holding that logs of inmate correspondence are confidential by constitutional law); Tex. Att'y Gen. ORD-100 (1975) (holding that portions of library circulation records linking identities of individual patrons to materials accessed by those patrons are confidential by constitutional law).

14

(1) it is prohibited by statute from disclosing certain information and, therefore, that information is exempt from disclosure under section 552.101, or (2) the disclosure of the information implicates the constitutionally protected privacy interest of a party other than the governmental body.[43]

## 2. Information that is confidential by statute

Doe's open records request sought information regarding investigations into allegations of child abuse, and it also sought NCIC and TCIC reports. The DA urged, and the trial court held, that the DA had a compelling reason to withhold this information because it is made confidential by statute.

### a. Family Code Section 261.201

Section 261.201 of the Family Code clearly removes information within its scope from disclosure under the Act. That section declares the following:

(a) The following information is confidential, is not subject to public release under [the Act], and may be disclosed only for purposes consistent with this code and applicable federal or state law or under rules adopted by an investigating agency:

(1) a report of alleged or suspected abuse or neglect made under this chapter and the identity of the person making the report; and

---

[43] Tex. Gov't Code Ann. §§ 552.101, 552.302; *Indus. Found.*, 540 S.W.2d at 678-79; *Jackson*, 243 S.W.3d at 757–58; *see also supra* n.39. We emphasize that this opinion should not be construed as identifying the only "compelling reasons" to withhold information; there may be other such reasons that are not relevant to the disposition of this appeal.

(2) except as otherwise provided in this section, the files, reports, records, communications, audiotapes, videotapes, and working papers used or developed in an investigation under this chapter or in providing services as a result of an investigation.[44]

Confidentiality is central to the family code provisions governing the reporting of child abuse,[45] and the State has a compelling interest in protecting the confidentiality of information used or obtained in an investigation of alleged or suspected child abuse.[46]

The terms of section 261.201 alone provide a "compelling reason" for the DA to withhold some of the information Doe requested. By expressly exempting information within the scope of section 261.201 from the scope of the Act, the legislature imposed on the governmental body a duty to maintain the confidentiality of that information.

Accordingly, the only issue for the trial court to resolve was whether the documents contained information within the scope of section 261.201.

---

[44] Tex. Fam. Code Ann. § 261.201(a) (Vernon Supp. 2008); *see also Coachman v. State*, 692 S.W.2d 940, 945 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd).

[45] *See Tex. Dept. of Human Servs. v. Benson*, 893 S.W.2d 236, 242 (Tex. App.—Austin 1995, writ denied).

[46] *See Pennsylvania v. Ritchie*, 480 U.S. 39, 57, 107 S. Ct. 989, 1001 (1987) (describing compelling interest in protecting child-abuse information); *Benson*, 893 S.W.2d at 242 (noting purpose of confidentiality protections in family code to encourage reporting of suspected child abuse).

Because the trial court did not enter findings of fact or conclusions of law, we must affirm the trial court's order if there is any evidence to support the conclusion that the information is within the scope of section 261.201.[47] The trial court took judicial notice of the entire record in this proceeding. The record included the documents at issue, which had been submitted in camera to the trial court. The record also included the AG ruling provided in response to Doe's open records request, in which the AG determined that those documents identified by the DA as within the scope of section 261.201 "must [be] withh[e]ld . . . under section 552.101."[48] This was sufficient evidence for the trial court to have determined that some of the documents were within the scope of section 261.201 and, therefore, the DA had a compelling reason to withhold them from disclosure.

### b. Government Code Section 411.083

Doe also sought information contained in NCIC and TCIC reports relating to Muniz. Section 411.083 of the Government Code provides that "[c]riminal history record information maintained by the [Department of Public Safety] is confidential information for the use of the department and, except as provided

---

[47]⬆ *Worford*, 801 S.W.2d at 109.

[48]⬆ Tex. Att'y Gen. OR2006-09590 (2006).

17

by this subchapter, may not be disseminated by the department."[49] As with the other categories of documents at issue here, the AG has consistently held that information within the scope of section 411.083 is exempt from disclosure by section 552.101.[50]

As with the documents under section 261.201, the trial court was provided the NCIC and TCIC reports for in camera review. Section 411.083 provides a compelling reason to withhold such reports. The trial court did not err in denying mandamus relief to Doe regarding these reports.

### 3. Information that is confidential by constitutional law

Relying on the exemption in section 552.101 for information that is confidential based on constitutional law, the DA sought to withhold from disclosure to Doe visitation logs and other materials reflecting communications between Muniz and other persons. The AG has opined that such information is exempted from disclosure under the Act because it implicates the constitutionally protected privacy interests of third parties.[51] In particular, it is established constitutional law that, subject to regulations reasonably related to

---

[49] Tex. Gov't Code Ann. § 411.083 (Vernon Supp. 2008).

[50] *See, e.g.*, Tex. Att'y Gen. OR2008-12058 (2008), OR2008-12002 (2008).

[51] Tex. Att'y Gen. ORD-430 (1985), ORD-428 (1985), ORD-185 (1978).

18

the state's interest in the order and security of penal institutions, inmates and private persons have a constitutional privacy interest in maintaining the confidentiality of correspondence and communications between them.[52]

As with documents reflecting information made confidential by statute, the record included documents reflecting Muniz's communications with private persons, as those documents were submitted in camera. This information is exempt from disclosure under the Act because it is confidential by constitutional law. Accordingly, the trial court did not err in concluding that the information in these documents was exempt from disclosure.

Having concluded that the DA showed a compelling reason to withhold the documents at issue, we overrule Doe's first issue.

## B.    Deposition Transcripts

Doe's second issue on appeal alleges that the trial court abused its discretion in removing entire witness deposition transcripts from the record, without conducting an in camera inspection. Doe, however, wholly failed to provide us with any argument or authorities in support of this issue as required by appellate rule 38.1(h).[53]  An issue on appeal unsupported by argument or

---

[52] *See supra* n.50.

[53] *See* Tex. R. App. P. 38.1(h) ("The [appellate] brief must contain a clear and concise argument for the contention made, with appropriate citations

citation to any legal authority presents nothing for the court to review.[54] Issue two is overruled.

## Conclusion

Having overruled both of Doe's issues on appeal, we affirm the trial court's judgment.

JOHN CAYCE
CHIEF JUSTICE

PANEL:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  October 9, 2008

---

to authorities and to the record.").

[54] *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied), *cert. denied*, 543 U.S. 1076 (2005).