IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF 
TEXAS
 
════════════
No. 07-0931
════════════
 
City of Dallas, 
Petitioner,
 
v.
 
Greg Abbott, Attorney General 
of Texas, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Seventh District of Texas
════════════════════════════════════════════════════
 
 
Argued October 15, 2008
 
            
Justice Wainwright, joined 
by Justice Johnson, 
dissenting.
 
            
The introductory section of the Public Information Act (PIA) announces 
the policy of the State of Texas on the peoples’ right of access to public 
information.
 
Under the fundamental philosophy of the American 
constitutional form of representative government that adheres to the principle 
that government is the servant and not the master of the people, it is the 
policy of this state that each person is entitled, unless otherwise expressly 
provided by law, at all times to complete information about the affairs of 
government and the official acts of public officials and 
employees.
 
 
Tex. Gov’t Code § 
552.001. 
This laudable objective of the PIA, to ensure transparency in public affairs, 
does not require that all public information be routinely disclosed. Sensibly, 
some data defined as public information may be withheld under the statute’s 
terms, but the PIA requires that exclusions from disclosure be timely raised 
with the Office of the Attorney General. Id. §§ 552.101, .301. A public 
entity has ten business days to request the Attorney General’s opinion if it 
desires to withhold public information. Id. 
§ 552.301. If the governmental body fails to meet this statutory 
deadline, the standard for withholding the public information from disclosure 
rises from merely “confidential” to the governmental entity having to establish 
a “compelling reason” for nondisclosure. Id. § 
552.302.
            
There is no dispute that the information at issue in this case is public 
information, and it may have been excepted from 
disclosure. However, the City of Dallas did not request a written opinion from 
the Attorney General on its desire to withhold the public information until 
seventeen business days after it received the request for disclosure. The Court 
holds that eight of the days need not be counted because the clock does not 
begin on the deadline to request an attorney general opinion until after the 
public’s request for information is clarified, even though the PIA states that 
the ten-day period begins when the request is “received.” The Court concludes 
that the City’s request to the Attorney General was timely and the City need not 
turn over the public information requested because the lower standard for 
withholding the public information was met. Because the Court’s approach hinders 
the Legislature’s goal of providing the people with prompt access to public 
information, see id. § 552.221(a), and creates an easy manner 
to delay such access, contrary to the PIA’s purpose 
and language, I respectfully dissent.
I. 
Background
            
On May 16, 
2002, the City of Dallas received a request from James F. Hill, II for “[a]ny and all information pertaining to the City of Dallas 
‘Assessment Center Process’ for uniform positions of the Dallas Fire and Police 
Departments.”[1] On May 22, 2002, the City sent a letter 
to clarify the request, asking: “Are you seeking information regarding specific 
assessment centers and if so for what period of time?”[2] Hill responded on May 28, 2002, 
specifying that he requested information for the year 2000 for the positions of 
Dallas Fire Rescue Fire Lieutenant and Captain. On June 10, 2002, the City 
requested from the Office of the Attorney General a decision on whether some of 
the information sought, specifically a memorandum designated Exhibit F and two 
memoranda designated Exhibit G, could be withheld under the privilege for 
attorney-client communications. The Office of the Attorney General concluded 
that the City’s request was untimely and that the City had not presented a 
compelling reason to withhold the information. Tex. Att’y Gen. LA-4450 (2002). The 
Attorney General therefore directed the City to disclose the information. 
Claiming the information was protected from disclosure by the attorney-client 
privilege, the City sought declaratory judgment in district court in Travis 
County to withhold the documents from disclosure. The trial court issued 
findings of fact and conclusions of law in its final judgment ordering 
disclosure. The court of appeals also concluded that the City’s request was 
untimely, held that it had not established a compelling reason to withhold the 
information, and affirmed the trial court’s order of disclosure. The Court’s 
opinion reaches the contrary result.
II. The Public Information Act 
Provides for Prompt Disclosure of Public Information.
 
            
The PIA codifies and strengthens the policy of the State of Texas that 
the people are entitled to “complete information” about the affairs of 
government. Tex. Gov’t 
Code §§ 552.001, .021. 
From this initial premise, the statute then allows selected exceptions to the 
right to complete information.
            
When a member of the public requests public 
information, the governmental entity “shall promptly produce public 
information.” Id. § 552.221(a). 
“‘[P]romptly’ means as soon as possible under the 
circumstances, that is, within a reasonable time, without delay.” Id. If 
the entity believes that any of the requested information is protected from 
disclosure by the exceptions in Subchapter C of the PIA, it must request, within 
ten business days, an opinion from the Attorney General on whether the 
information may indeed be withheld. Id. § 552.301(a), 
(b). The provisions of Subchapter C set forth the exceptions from 
disclosure for public information. See id. §§ 552.101–.151. These are the standards the Office of 
the Attorney General considers when it receives compliant requests by 
governmental bodies to withhold public information under 
section 552.021.
            
When the governmental body fails to request an attorney general decision 
on withholding certain public information within the PIA deadline, the statute 
establishes a presumption that the information must be publicly disclosed. Id. § 552.302. The information then may only be 
withheld if the governmental body establishes a “compelling reason” to do so. 
Id. The Attorney General opined that the City of Dallas did not timely 
file its request for a decision on the asserted attorney-client privilege, an 
issue I now consider.
III. The City’s 
Request for a Decision from the Attorney General Was 
Untimely.
            
On May 16, 2002, Dallas received Hill’s request for all information 
pertaining to the City of Dallas Assessment Center Process for uniform positions 
of the Dallas Fire and Police Departments. Four business days later, the City 
requested from Hill a clarification of his broad request. The City 
received Hill’s clarification four business days after its request. The City 
waited another nine business days thereafter, until June 10, to request an 
attorney general opinion. Thus, the City did not request a decision from the 
Attorney General until seventeen business days (twenty-five calendar days) after 
it received Hill’s original request. If the four business-day period during 
which the City sought clarification is excluded, the City’s request to the 
Attorney General was not sent until thirteen business days after receiving 
Hill’s original May 16 request.
            
Section 552.301(b) expressly starts the clock ticking for the ten 
business-day deadline on the date the City “receives” the written request. Tex. Gov’t Code § 552.301(b). Section 
552.222(b) allows a governmental body to seek clarification upon receipt of an 
unclear or overbroad request for information, but it does not address how a 
clarification affects the ten-day deadline. Id. § 552.222(b); see also Tex. Att’y Gen. ORD-663, 3 (1999) (“[W]hile the PIA expressly permits a governmental body to seek 
clarification and narrowing of a request, it is silent as to the effect of such 
inquiry on the PIA’s deadline for requesting a 
decision.”). The City claims its request was timely because, upon receipt of 
Hill’s clarification, it was treated as a new request, and the ten-day period 
reset. The Attorney General asserts, and the court of appeals reasoned, that the 
City’s request was untimely because the time period was only tolled for the four 
business days between the City’s request for Hill’s written clarification and 
its receipt of that clarification.
            
The custom and practice in the Office of the Attorney General over the 
years have provided a consistent and rational manner for handling clarification 
requests. The Office of the Attorney General issues thousands of PIA rulings per 
year. In 2007 alone it issued 17,000 rulings. Between 2001 and 2007, the 
Attorney General issued approximately 4,515 rulings regarding claims of 
attorney-client privilege. Brief of Respondent-Attorney General at 29, 31, 
City of Dallas v. Greg Abbott, Attorney General of Tex., No. 07-0931 
(Tex. May 9, 2009). Attorney general opinions, which this Court has recognized 
as persuasive, provide that a governmental entity’s good faith attempt to 
clarify or narrow a request tolls the time period for the information requested; 
conversely a request for new information that is included in a clarification 
starts the period anew only for that new information. See Holmes v. 
Morales, 924 S.W.2d 920, 924 (Tex. 1996) (explaining that attorney general 
opinions are “persuasive, but not controlling” authority); Doe v. Tarrant’ 
County Dist. Attorney’s Office, 269 S.W.3d 147, 152 (Tex. App.—Fort Worth 
2008, no pet.) (giving special “due consideration” to attorney general decisions 
involving public information because the Legislature requires the Attorney 
General to issue written opinions advising governmental entities); Tex. Att’y Gen. ORD-663; Tex. Att’y 
Gen. LA-12245 (2009) (finding that a clarification was not a new request 
resetting the time period); Tex. Att’y Gen. LA-9346 
(2007) (finding a request untimely notwithstanding the agency’s request for 
clarification from the requestor); Tex. Att’y Gen. 
LA-2258, 1-2 (2003) (finding that the tolling from clarification made request 
timely). If the request is simply too broad and the governmental entity seeks to 
narrow it, the governmental body does not get a new ten-day period for the 
information included in the original request. For that information, the clock is 
tolled the period between the time the governmental body requests clarification 
and the time the governmental body receives the clarification response. 
Id.
            
The Attorney General has recognized that governmental bodies that 
genuinely need clarification of a request should not be threatened with loss of 
their statutory time to seek an attorney general opinion on an exception from 
disclosure. Tex. Att’y Gen. ORD-663 
at 5. It stands to reason that clarification and narrowing, sought in 
good faith, should be encouraged. See id. For the last decade, the 
opportunity for reasonable clarification has been incorporated in the Attorney 
General’s application of tolling principles to requests for clarification by 
governmental entities. See id. The public entity thereby gains more time 
to gather the alleged privileged information during the clarification period but 
must request the attorney general decision within ten business days plus the 
period during which the clock is tolled for a good faith clarification request. 
See id.
            
Hill’s clarification limited the request to the year 2000 and to the 
positions of Dallas Fire Rescue Fire Lieutenant and Captain. It also requests a 
list of information: “[a]ny written documents on ‘how 
Assessment Process was to be administered’ for the above positions and time 
frame”; “[j]ob analysis[] for the positions of Fire Lieutenant and Fire Captain 
and date of each analysis”; “[a]ny contract between 
Booth and the City of Dallas/Civil Service to conduct the Assessment Center for 
the Dallas Fire department positions Fire Lieutenant and Fire Captain”; and 
“[a]n explanation on the ‘mirroring’ of percentages between Fire Prevention and 
Fire Operations testing for the same period.” This information would be subsumed 
by his original request for information pertaining to the City of Dallas 
‘Assessment Center Process’ for uniform positions of the Dallas Fire and Police 
Departments. Indeed, the City does not contend that the three documents it seeks 
to withhold, in Exhibits F and G, were not included in the original request from 
Hill.[3] Accordingly, the ten business-day period 
should be tolled for the intervening time between the government’s clarification 
request and Hill’s response. Thus, excluding the four business days during which 
the time period was tolled, the City’s request for a decision from the Office of 
the Attorney General was not sent until the thirteenth business day after Hill’s 
May 16 request. The City’s request was not timely.
            
Asserted exceptions to disclosure of public information had been handled 
in this manner for years when the City received Hill’s request. See Tex. 
Att’y Gen. ORD-663 (1999). The City was charged with 
knowledge of the law yet failed to follow it. See Tex Gov’t Code § 552.012 
(mandating training of public information officers); Osterberg v. Peca, 12 S.W.3d 31, 38 (Tex. 
2000) (holding that ignorance of the law is not an excuse for violation of a 
statute).
            
Tolling the ten-day period during the clarification process for 
information in the original request furthers the PIA’s 
objective of promptly providing, “without delay,” the public with information 
from its servants—governmental entities. See Tex. Gov’t Code § 552.221(a). Resetting the time period in this circumstance delays disclosure of 
public information. It imposes no additional incentive to timely produce 
information sought within the original request that is also sought in the 
clarification. See Indus. Found. of the S. v. Tex. Indus. Accident Bd., 
540 S.W.2d 668, 687 (Tex. 1976) (holding that “the Act does not allow either the 
custodian of records or a court to consider the cost or method of supplying 
requested information in determining whether such information should be 
disclosed”). Moreover, tolling the time period for this information that was 
included in the original request is the established method for handling 
clarifications under the PIA. See Tex. Att’y 
Gen. ORD-663 at 1. The Court’s approach resets the clock for all information in 
the original request each time a clarification is sought, and it is not 
justified where that clarification only narrows the scope of the original 
request for the benefit of the governmental entity. See Tex. Att’y Gen. LA-12245 (discussing multiple clarification 
requests). Surely, where new information is sought in a clarification, the 
entity should receive ten business days to seek an attorney general opinion. But 
it is inconsistent with the language and purpose of the PIA to extend the 
statutory deadline ten business days beyond the time already allotted for public 
information requested initially. The Court’s holding ignores the date of receipt 
of the original request and, contrary to the statutory mandate, inserts an 
unnecessary delay into the process. This allows both inadvertent delay of 
disclosures about government affairs and easy manipulation of the deadline 
through clarification requests.
            
The Office of the Attorney General distinguishes between new requests 
framed as clarifications (for which a new ten business-day period applies), 
clarifications of public information within the scope of initial requests (for 
which tolling applies), and new information sought as part of legitimate 
clarifications of original information requested (for which the ten business-day 
period resets for the new information and tolling applies to information within 
the scope of the original request). See Tex. Att’y Gen. LA-4352, 1 (2005). The Court not only reverses a 
decades-old policy of tolling for unclear requests but creates a new category of 
“vague or overbroad” requests for public information. The Attorney General’s 
approaches addressed the various circumstances while insisting on compliance 
with the Legislature’s mandate to address open records requests “without delay.” 
The Court’s holding could insert delays and increase costs to all parties 
involved by shifting the emphasis in PIA disclosure disputes from defining 
“compelling reason” for nondisclosure (in the case of untimely requests) to 
squabbles over whether non-lawyer members of the public precisely worded their 
requests to governmental entities for admittedly public information. It is 
problematic to insert into the Legislature’s PIA scheme of disclosure a bane 
that exists in civil litigation: incessant disputes over the wording of 
discovery requests.
IV. The Higher, Compelling Reason 
Standard Governs
the 
City’s Untimely Request to Withhold Public Information.
 
            
Because the City’s request for an attorney general opinion on withholding 
Exhibits F and G was untimely, I address whether the asserted reason for 
disclosure satisfied the PIA’s elevated compelling 
reason standard.
            
The only exceptions to required disclosure of public information under 
Subchapter C that the City may raise in this suit are exceptions it raised with 
the Attorney General in its request for decision contained in its letter of June 
10, 2002. See Tex Gov’t Code 
§ 552.326. The only exception the City raised in the June 10 letter was 
section 552.107(1) of Subchapter C concerning “information that . . . an attorney of a political 
subdivision is prohibited from disclosing because of a duty to the 
client . . . .” Id. § 
552.107(1). Whether Exhibits F and G are subject to public disclosure 
depends on the interpretation of the exception for attorney-client privileged 
information in Subchapter C of the PIA. See id. To simply assert the 
exception, however, the City must have requested a decision from the Attorney 
General on the privilege within ten business days from the date of receipt of 
the request. Id. § 552.301. If the City’s 
request was dilatory, Exhibits F and G would be presumed subject to public 
disclosure and “must be released unless there is a compelling reason to withhold 
the information.” Id. § 552.302.
            
The City argues that it satisfies the compelling reason standard by 
merely asserting the attorney-client privilege as an exception to disclosure. If 
so, the City could except public information from 
disclosure merely by asserting the same justification it was late in raising 
with the Office of the Attorney General. But such an interpretation contradicts 
the express language of the statute and violates its purpose.
            
The very use of the word “compelling” in this context indicates the 
intent to impose a tougher standard for violation of the deadline. Precepts of 
statutory construction dictate that because the Legislature did not define the 
word “compelling” in the PIA, we interpret the word according to its plain and 
common meaning. See McIntyre v. Ramirez, 109 S.W.3d 741, 745 (Tex. 2003). The common meaning of 
“compelling” is “demanding attention” or “respect.” Compact Oxford English Dictionary 300 
(2nd ed. 1991). To 
be compelling, a justification must be more than simply legitimate or good, it 
should be persuasive to the point of demanding respect or 
acquiescence.
            
The City argues that the attorney-client privilege is always a 
“compelling reason” to prevent disclosure because it is the oldest of the 
privileges for confidential communications known to the common law and is vital 
to encourage clients to confide in their attorneys. See 
Ford Motor Co. v. Leggat, 904 S.W.2d 643, 647 
(Tex. 1995). The City’s interpretation of the section 552.301 compelling 
reason standard would require nothing more to keep public information secret 
than a late assertion of a legitimate justification, notwithstanding the 
statutory mandates. There are several other reasons this conclusion is 
incorrect.
A. The Legislature’s Adoption of the Compelling Reason 
Standard in the PIA Codified the Attorney General’s Application of the 
Standard.
 
            
In considering the 1999 proposed amendment to the PIA that would include 
the compelling reason standard, the Legislature was not acting in a vacuum. The 
Office of the Attorney General originated the compelling reason standard long 
before the Legislature amended the statute to incorporate it.
            
Every 
Attorney General in the thirty-five years since the PIA was enacted has applied 
and enforced the heightened compelling reason standard. See Tex. Att’y Gen. ORD-26 (1974) (Attorney General John Hill); Tex. 
Att’y Gen. ORD-319 (1982) (Attorney General Mark 
White); Tex. Att’y Gen. ORD-552 (1990) (Attorney 
General Jim Mattox); Tex. Att’y Gen. ORD-630 (1994) 
(Attorney General Dan Morales); Tex. Att’y Gen. 
LA-3474 (2001) (Attorney General John Cornyn); Tex. Att’y Gen. LA-6858 (2002) (Attorney General Greg Abbott). In 
1974, the Attorney General reasoned that a late request for decision meant that 
the resulting presumption that information must be disclosed could only be 
overcome by a “compelling demonstration that the information requested should 
not be released to the public.” Tex. Att’y Gen. 
ORD-26; see also Tex. Att’y Gen. ORD-552. That 
office affirmed the application of this standard in several instances. 
See Tex. Att’y Gen. ORD-319; Tex. Att’y Gen. ORD-150 (1977); Tex. Att’y Gen. ORD-34 (1974). In 1994, an attorney general 
opinion addressed the very issue before this Court. “The mere fact that the 
information is within the attorney-client privilege and thus would be excepted 
from disclosure under section 552.107(a) of the Open Records Act [now PIA] if 
the governmental body had made a timely request for an open records decision 
does not alone constitute a compelling reason to withhold the information from 
public disclosure.” Tex. Att’y Gen. 
ORD-630 at 7. The office confirmed that ruling in 2001. See Tex. 
Att’y Gen. LA-5561 (2001). In 1999, before the PIA was 
amended that year, the Attorney General again explained that the compelling 
reason standard applied to public information for which the request for decision 
was late. Tex. Att’y Gen. LA-725 
(1999) (Attorney General John Cornyn). And these attorney general 
opinions consistently apply a higher standard to allow this type of exception to 
withholding information.
            
In addition, several courts of appeals have adopted the Attorney 
General’s standard for deciding PIA disputes arising out of a late request for 
an attorney general opinion. Doe, 269 S.W.3d at 154 
(stating that “statutory and case law support the AG’s general rule” and 
adopting that standard); Jackson v. Tex. Dep’t of Pub. 
Safety, 243 S.W.3d 754, 758 (Tex. App.—Corpus Christi 2007, pet. denied) 
(adopting the Attorney General’s compelling reason standard); Hancock v. 
State Bd. of Ins., 797 S.W.2d 379, 381 (Tex. App.—Austin 1990, no pet.) 
(citing attorney general opinions, recognizing the compelling reason standard, 
and holding that the agency must do more than present a “mere showing of the 
applicability of one of the statutory exceptions” to overcome the presumption of 
openness). But see City of Garland v. Dallas Morning News, 969 S.W.2d 
548, 554–55 (Tex. App.—Dallas 1998) (refusing to adopt the “compelling 
demonstration test” because the court did not find “Hancock and the 
attorney general opinions” adopting that test persuasive), aff’d on other grounds, 22 S.W.3d 351, 
364 (Tex. 2000) (plurality opinion) (declining to address the applicability of 
the compelling reason standard because the information at issue was subject to 
disclosure regardless of that analysis). As the Attorney General and these 
courts of appeals have consistently held, to uphold a late request to except 
public information from disclosure based on the attorney-client privilege 
requires more than reasserting the same privilege. See Tex. Att’y Gen. ORD-676 (2002); Tex. Att’y Gen. LA-5561; Tex. Att’y 
Gen. ORD-630.
It is thus not 
surprising that the Legislature continued this established and predictable 
policy. At a Senate hearing on amending the PIA in 1999 to explicitly 
incorporate the compelling reason standard, the author of the bill, Senator 
Corona, explained that the amendment “will require the governmental body to 
forfeit any discretionary exceptions and would require the release of the 
information,” consistent with the Attorney General’s previous decisions. The 
author then introduced the chief of the open records division of the Office of 
the Attorney General, who explained:
 
[T]he attorney general’s office has interpreted that 
this— and basically this codifies a long standing interpretation of the attorney 
general’s office, that I think stretches all the way back from 1977 in Open 
Records Decision 150—and the attorney general has determined that, uh, 
compelling reasons would be if if [sic] the 
information were made confidential by another source of law outside the Open 
Records Act . . . as well as if release of the information would 
adversely affect the privacy or property interest of third parties.[4]
 
Hearing on S.B. 277 Before the Senate 
Committee on State Affairs, 76th Leg., R.S. (Partial Transcript at 2, 
March 11, 1999); Act of September 1, 1999, 76th Leg., R.S. ch. 1319, § 21, 1999 Tex. Gen. Laws 4509; see also 
Phillips v. Beaber, 995 S.W.2d 655, 658 (Tex. 
1999) (stating that courts presume the Legislature acts with knowledge of the 
accepted legal meanings of terms); McBride v. Clayton, 166 S.W.2d 125, 
128 (Tex. 1942) (explaining that “statutes are presumed to be enacted by the 
legislature with full knowledge of the existing condition of the law and with 
reference to it”).
            
Since the Legislature’s 1999 addition of the compelling reason standard 
to the PIA, the Attorney General has affirmed its interpretation, and the 
Legislature has not responded negatively to it. Tex. Att’y Gen. ORD-676. The Court has explained that it 
is persuasive that the Legislature had amended the PIA several times without 
responding negatively to attorney general interpretations. City of Garland v. Dallas Morning News, 22 S.W.3d 351, 366 
(Tex. 2000).
B. The Compelling Reason Standard 
Provides Incentives for Expeditious Action as Contemplated by the 
PIA.
 
            
The overall scheme of the statute indicates the Legislature’s goal of 
preventing open government requests from languishing in the bureaucratic process 
due to dilatory requests for decisions and slow responses. See, e.g., § 
552.301(b) (requiring governmental entities to request decisions on exceptions 
from disclosure of public information within ten business days); §552.306 
(requiring the Attorney General to render a decision “not later than the 45th 
business day after the date the Attorney General received the request”).[5] To accomplish this goal of the PIA, a 
“compelling reason” must be a higher and more demanding standard to create a 
persuasive incentive for governmental entities to comply with the PIA’s expeditious time frames. The Court’s holding undercuts 
the incentive to be prompt by allowing an easy manner to delay the decision to 
produce public information. Under the City’s position, a city that prioritizes 
open government and works diligently to meet the deadline for a request for 
decision on an attorney-client privilege issue is treated no differently than a 
city that is not diligent in attempting to respond to a PIA request and simply 
asks for a “good faith” clarification of a word or phrase in a 
request.
            
To demonstrate a compelling reason to withhold information, the Attorney 
General’s longstanding interpretations require that the governmental entity 
assert the attorney-client privilege along with another special circumstance 
that increases the consequences of disclosure, such as that the interests of 
third parties would be harmed or that the governmental entity is prohibited from 
disclosing the information by other law.[6] See Tex. Att’y Gen. LA-5561; Tex. Att’y 
Gen. ORD-630; Tex. Att’y Gen. ORD-26. I agree that the 
two bases for demonstrating compliance with the compelling reason standard are 
reasonable. However, application of the standard should also consider 
circumstances in which the disclosure of such privileged information would 
likely inflict substantial harm to the public or the entity. In this 
case, without more, the City’s privilege fails the compelling reason standard. 
However, in other circumstances, disclosure of privileged attorney-client 
communications could cause substantial harm to the public entity and add 
substantial cost or even harm the public that the PIA seeks to keep 
informed.
C. The City’s Position Would 
Delete the “Compelling Reason” Standard
From the Statute 
in These Situations.
 
            
The City argues that attorney-client privilege is always a compelling 
reason to prevent disclosure. In re City of Georgetown, 53 S.W.3d 328, 
332–33 (Tex. 2001) (quoting Leggat, 904 S.W.2d 
at 647). That holding essentially means that a governmental entity could either intentionally or unintentionally make a late request to the 
Attorney General seeking an exception from disclosure and still not have 
any higher burden to except information from disclosure. I disagree that the 
importance of the privilege means that a statute or rule cannot provide for 
waiver of the privilege or elevate the standard to rely on it. See, e.g., Tex. R. Civ. P. 193.3(d) (stating that a party who inadvertently 
discloses information waives the attorney-client privilege if it does not assert 
the privilege within ten days of disclosure); Tex. R. App. P. 
33.1(a); see also In re Christus Spohn Hosp. Kleberg, 222 S.W.3d 434, 439–41 (Tex. 2007); 
In re Living Ctrs. of Tex., Inc., 175 S.W.3d 
253, 259–60 (Tex. 2005). The City waived the straightforward application of the 
attorney-client privilege by not requesting a decision within ten business days 
and should not be able to overcome that waiver by reasserting the same 
privilege.[7]
            
It is important to remember that the City retains control over the 
nondisclosure of otherwise privileged information if it simply abides by the 
PIA’s deadlines. This in no way diminishes the 
importance of the attorney-client privilege; instead, I believe that the City 
must follow the procedures specifically mandated by the PIA in order to assert 
it without having to establish a compelling reason. The procedure in section 
552.301 is not a trap for the unwary that could catch a conscientious 
governmental official off guard.[8] An action as simple as placing a letter 
to the Attorney General with a short request for a decision in the United States 
mail, first class, within ten business days after receiving the public 
information request, satisfies the statute. See Tex. Govt. 
Code § 552.308. The likely 
reason the entity would not comply with this requirement is simply because it 
does not have a system in place to handle these requests quickly and 
efficiently, which is the harm the Legislature attempted to remedy in the 
statute by training all public officials in the requirements of the PIA and 
explicitly requiring prompt responses to the people for public 
information.
V. Conclusion
            
The Legislature requires disclosure of public information and prompt 
resolution of exemptions from disclosure. Because the City failed to comply with 
the requirements to withhold public information from disclosure, I respectfully 
dissent and would hold that the PIA requires the City to disclose the public 
information.
 
            
            
            
            
            
            
___________________________________
            
            
            
            
            
            
Dale Wainwright
            
            
            
            
            
            
Justice
 
OPINION DELIVERED: February 19, 
2010






[1] The PIA 
precludes the governmental entity from inquiring about the reason for the 
request, so the parties do not provide the reason. See Tex Gov’t Code 
§ 552.222.

[2] Police 
and fire departments use assessment centers to evaluate potential candidates for 
promotion. See Paul Lepore, 
Firefighter’s Five-Step Guide to a Promotion, Fire Link, 
http://www.firelink.com/benefits/articles/1825--firefighters-five-step-guide-to-a-promotion 
(last visited Feb. 16, 2010). It typically includes a tactical scenario 
and other exercises, an oral interview and presentation, and an employee 
counseling session. Id.

[3] In its 
brief on the merits, the City notes that the court of appeals framed this issue 
as “whether the information [Exhibits F and G] sought to be excluded from public 
disclosure was included in the first request.” The appellate court concluded 
that it was. The City contends that the court should have considered the 
different question of what information Hill “really wanted” or “sought” because 
he “did not actually want all information pertaining to the assessment center 
process.” The City argues that Hill’s initial request did not specify that he 
wanted Exhibits F and G, but it does not deny that Exhibits F and G were 
included within the scope of Hill’s first request. The Attorney General points 
out that Exhibits F and G must have been included in Hill’s original request 
because the clarification narrowed the scope of documents sought.

[4] 
Actually, the standard was created by the attorney general’s office in 
1974 in Open Records Decision No. 26, which explained there must be a 
“compelling demonstration that the information requested should not be released 
to the public,” decided by the Honorable John L. Hill.

[5] In an 
amicus brief from Senator John Cornyn, former Texas Attorney General, supporting 
the current Attorney General’s position, he explains that the Texas Public 
Information Act is widely regarded as the strongest and most successful open 
government law in the country particularly because of its deadlines and 
enforcement mechanisms and that the Federal Act is largely based on the Texas 
PIA, citing 151 Cong. Rec. S1525-26 (Feb. 16, 2005).

[6] The 
fact that the attorney-client privilege exists in other law does not mean that 
the City could not waive it. See Tex. Att’y 
Gen. ORD-630. The attorney-client privilege benefits the City, as the client, 
and therefore can be waived by the City. Id. However, if the City were 
claiming a non-discretionary exception, such that the City were actually 
prohibited from disclosing it at the risk of penalty, that exception would be a 
compelling reason and satisfy the statute.

[7] The 
Attorney General has held in multiple decisions that a governmental entity 
waived privileges. See, e.g., Tex. Att’y Gen. 
ORD-663 (holding that a governmental body waived the attorney client privilege, 
the work product privilege, and the litigation exception by missing the 
deadlines in 552.301); Tex. Att’y Gen. LA-5561 (same); 
Tex. Att’y Gen. ORD-400 (1983) (holding that a 
governmental body waived the work product privilege by showing the information 
to the members of the public); Tex. Att’y Gen. ORD-325 
(1982) (holding that a governmental body waived exceptions to disclosure by not 
raising them).

[8] In 
fact, all public officials have been required since 2006 to complete a training 
regarding the government’s responsibilities under the PIA. See Tex. Govt. Code § 552.012.