*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


## MEMORANDUM OPINION

No. 04-10-00880-CV

John E. **RODARTE**, Sr.,
Appellant

v.

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-12625
Honorable Renee F. McElhaney, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  June 6, 2012

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

John E. Rodarte, Sr., an inmate, appeals the trial court's dismissal of his lawsuit as frivolous pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. We reverse and remand.

### BACKGROUND

On June 22, 2010, Rodarte, an indigent inmate, filed a lawsuit against the Texas Department of Family and Protective Services, alleging that his rights were violated by the

Department's refusal to produce a 1995 investigation file, which involved allegations of child sexual abuse against him with respect to his children. He alleged that the Department had denied his multiple requests for public information and that he needed the documents "for further litigation in other cases." In response, the Department filed a plea to the jurisdiction and motion to dismiss, arguing that (1) any tort claims brought by Rodarte are barred by sovereign immunity; and (2) any claim based on the denial of his request for information should be dismissed as frivolous pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. After a telephonic hearing with Rodarte, the trial court granted the Department's plea to the jurisdiction and motion to dismiss. Rodarte appeals the trial court's ruling that his claim based on the denial of his request for information is frivolous.[1]

## DISCUSSION

Section 14.003 of the Texas Civil Practice and Remedies Code governs the dismissal of a claim brought by an inmate filing an affidavit of inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2002). A court may dismiss a claim, either before or after service of process, if the court finds the claim was frivolous or malicious. *Id.* § 14.003(a)(2). When determining whether a claim is frivolous, the court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by an inmate because the claim arises from the same operative facts. *Id.* § 14.003(b). We review the trial court's determination that appellant's claim was frivolous under an abuse of discretion standard. *Harrison v. Vance*, 34 S.W.3d 660, 662 (Tex. App.—Dallas 2000, no pet.).

---

[1] We note that Rodarte has not challenged the dismissal of his tort claims against the Department.

At the hearing, the Department argued that Rodarte's request for public information had no realistic chance of ultimate success because section 552.028 of the Texas Government Code allows a governmental body to refuse a request for information from an inmate. *See* TEX. GOV'T CODE ANN. § 552.028(a) (West 2004). Thus, the Department argued that because it had discretion to produce or not produce the documents at issue, Rodarte had no chance of prevailing in his lawsuit.

Section 552.028 provides that a governmental body is not required to accept or comply with a request for information from an individual who is imprisoned or confined in a correctional facility. *See id.* In considering section 552.028, courts have held that a governmental body has discretion to disclose information "when that information is requested by an individual imprisoned or confined in a correctional facility, regardless of whether such information pertains to the individual requesting it." *Harrison*, 34 S.W.3d at 663; *see also Hickman v. Moya*, 976 S.W.2d 360, 361 (Tex. App.—Waco 1998, pet. denied); *Moore v. Henry*, 960 S.W.2d 82, 84 (Tex. App.—Houston [1st Dist.] 1996, no writ).

Rodarte argued at the hearing and continues to argue on appeal that section 552.028 should not apply to this case because section 261.201 of the Family Code requires the Department to provide information to a parent of a child who is the subject of reported abuse or neglect.[2] Rodarte alleged in his petition that he is the father of the children relating to the 1995 investigation file.

The Texas Public Information Act ("the Act") requires disclosure of public documents and information upon request to a governmental entity. *See* TEX. GOV'T CODE ANN. § 552.001-.353 (West 2004 & Supp. 2011). "However, some categories of information that would otherwise be public under the Act are made confidential by law other than the Act, and the Act

---

[2] We note that the Department does not address this argument in its brief.

excepts such information from the disclosure requirement in section 552.021." *Doe v. Tarrant*

*Cnty. Dist. Attorney's Office*, 269 S.W.3d 147, 151 (Tex. App.—Fort Worth 2008, no pet.).

Section 261.201 of the Family Code removes information within its scope from disclosure under

the Act. *Id.* at 155. Section 261.201 states the following:

> (a) Except as provided by Section 261.203, the following information is confidential, is not subject to public release under [the Act], and may be disclosed only for purposes consistent with this code and applicable federal or state law or under rules adopted by an investigating agency:
>> (1) a report of alleged or suspected abuse or neglect made under this chapter and the identity of the person making the report; and
>> (2) except as otherwise provided in this section, the files, reports, records, communications, audiotapes, videotapes, and working papers used or developed in an investigation under this chapter or in providing services as a result of an investigation.
>
> (b) A court may order the disclosure of information that is confidential under this section if:
>> (1) a motion has been filed with the court requesting the release of the information;
>> (2) a notice of hearing has been served on the investigating agency and other interested parties; and
>> (3) after hearing and an in camera review of the requested information, the court determines that the disclosure of the requested information is:
>>> (A) essential to the administration of justice; and
>>> (B) not likely to endanger the life or safety of:
>>>> (i) a child who is the subject of the report of alleged or suspected abuse or neglect;
>>>> (ii) a person who makes a report of alleged or suspected abuse or neglect; or
>>>> (iii) any other person who participates in an investigation of reported abuse or neglect or who provides care for the child. . . .
>
> (g) Notwithstanding Subsection (b), the department, on request and subject to department rule,[3] shall provide to the parent, managing conservator, or other legal representative of a child who is the subject of reported abuse or neglect

---

[3] Rodarte points to the following department rules in the Texas Administrative Code, which support his argument. Section 700.203(b) of the Texas Administrative Code requires the Department, upon a properly submitted request, to provide access to confidential case records to the parent of the child who was the alleged or actual victim of child abuse and neglect, provided that the records are properly redacted. *See* 40 Tex. Admin. Code § 700.203(b) (2012) (Tex. Dep't of Family & Protective Servs.). And, section 700.203(c) requires the Department, upon a properly submitted request, to provide access to confidential investigation records "to an individual who was alleged or designated by [the Department] to be a perpetrator in that investigation, whether or not that individual is a parent of the alleged victim, provided that the records are redacted as described in section 700.204 of this title." *Id.* § 700.203(c).

> information concerning the reported abuse or neglect that would otherwise be confidential under this section if the department has edited the information to protect the confidentiality of the identity of the person who made the report and any other person whose life or safety may be endangered by the disclosure. . . .

*See* TEX. FAM. CODE ANN. § 261.201 (West Supp. 2011).[4]

In support of his argument that his case is not frivolous, Rodarte points to subsection (b), which allows a court to order disclosure of confidential information, and subsection (g), which requires the department to provide information concerning the reported abuse or neglect to a parent upon request and after the Department has redacted certain information. Thus, the issue is whether section 552.028 of the Government Code relieves the Department from its obligation under section 261.201 of the Family Code to provide access to the 1995 file at issue. We hold that it does not.

According to the Code Construction Act, we should first attempt to harmonize statutes so that effect is given to each. *See* TEX. GOV'T CODE ANN. §§ 311.025-.026 (West 2005). If, however, the conflict between the statutes is irreconcilable, then the statute latest in date of enactment prevails. *See id.* § 311.025. Further, if there is an irreconcilable conflict between a general and a special provision, then the special provision "prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." *Id.* § 311.026(b).

Here, as applied to Rodarte, there is an irreconcilable conflict between section 552.028 of the Government Code and section 261.201 of the Family Code. Section 552.028 grants the Department discretion in deciding whether to give Rodarte, an inmate, information relating to the

---

[4] We note that subsection (k), which requires an investigating agency to withhold information if the parent of the child requesting information is alleged to have committed the abuse or neglect, does not apply here. Subsection (k) applies to "an investigating agency, *other than the department* . . . ." TEX. FAM. CODE ANN. § 261.201(k) (West Supp. 2011) (emphasis added).

1995 investigation. On the other hand, because Rodarte is a parent of the children who were the subject of the reported abuse or neglect, section 261.201(g) of the Family Code requires the department, after editing certain information, to give him information concerning the reported abuse or neglect. Thus, we must determine which section should control.

Applying the principles enunciated in the Code Construction Act, we note that the language at issue in section 552.028 of the Government Code was enacted by the 74th Legislature on May 18, 1995. *See* Act of May 18, 1995, 74th Leg., R.S., ch. 302, § 1. The language at issue in section 261.201 of Family Code was also enacted by the 74th Legislature, but it was enacted a week later on May 26, 1995. *See* Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 93. Thus, section 261.201 of the Family Code is later in date of enactment and thus should prevail over section 552.028 of the Government Code pursuant to the Code Construction Act. *See* TEX. GOV'T CODE ANN. § 311.025 (West 2005). Further, we note that section 261.201 of the Family Code should also prevail pursuant to the Code Construction Act because it is the special provision, while section 552.028 of the Government Code is the general one. *See id.* § 311.026(b) (explaining that a special provision "prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail").

Because section 261.201(g) of the Family Code requires the Department, "on request and subject to department rule," to provide to a parent like Rodarte "information concerning the reported abuse or neglect that would otherwise be confidential" "if the department has edited the information to protect the confidentiality of the identity of the person who made the report and any other person whose life or safety may be endangered by the disclosure," *see* TEX. FAM. CODE ANN. § 261.201(g) (West Supp. 2011), we hold the trial court erred in determining that Rodarte's

claim based on the denial of his request for information is frivolous. We therefore reverse the trial court's order dismissing his claim arising from the denial of his request for information and remand the cause for further proceedings consistent with this opinion. However, because Rodarte has not challenged the dismissal of his tort claims against the Department, we affirm the trial court's order dismissing his tort claims.

Karen Angelini, Justice