Samuel T. JACKSON, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY and Thomas A. Davis, Jr., in his official capacity as Director, Texas Department of Public Safety, Appellees.

No. 13–06–573–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Nov. 1, 2007.

Rehearing Overruled Feb. 8, 2008.

Samuel T. Jackson, Austin, pro se.

Jeffrey M. Graham, Asst. Atty. Gen., Austin, for appellee.

Before Chief Justice VALDEZ and Justices BENAVIDES and VELA.

## OPINION

Opinion by Justice VELA.

### I. Introduction

Appellant, Samuel T. Jackson, appeals from the trial court's order granting summary judgment in favor of appellee, the Texas Department of Public Safety (DPS), and Thomas A. Davis, director of DPS. On appeal, Jackson contends that the trial court erred in granting DPS's motion for summary judgment because: (1) the requested records were public information and DPS failed to timely request an attorney general opinion; (2) the exceptions to disclosure raised by DPS were inapplicable to information contained in the records; and (3) the ground upon which the summary judgment motion was granted was not pleaded or argued in DPS's motion. We affirm.

### II. Statement of Facts

This case involves a trial court order denying Jackson access to documents garnered in conjunction with Texas's "Failure to Appear Program" (FTA). *See generally* TEX. TRANS. CODE ANN. §§ 706.001–.012 (Vernon 1999 & Supp.2006). Under these sections, the DPS can deny renewal of a driver's license for failure to appear based on a complaint or citation, or failure to pay or satisfy a judgment ordering the payment of a fine and costs involving an offense described by Section 706.002(a) of the Transportation Code. Id. § 706.004 (Vernon 2006). Under the authority of section 706.008, the DPS contracted with OmniBase Services of Texas (Omni) to implement the FTA program.[1] The contract provided that all data applicable to the denial of renewal of a driver's license was the property of DPS.

---

1. This section allows the department to con-    tract with a private vendor.

On June 6, 2005, Jackson requested that DPS disclose to him copies of the most recent annual reports prepared by each Justice of the Peace in Travis County pursuant to section 706.007 of the Texas Transportation Code. Id. § 706.007 (Vernon Supp.2006). Jackson requested DPS to disclose the names and addresses of each defendant; the style, cause number, date of the judgment or other disposition; and the date and amount of each fee charged and each payment. On June 14, 2005, DPS notified Jackson that neither the DPS, nor Omni, had access to the requested records and provided contact information to assist Jackson in gaining access.

On July 18, 2005, Jackson made a second request to DPS for records of all drivers in Texas who participated in the FTA from January 2003 through the present. Specifically, he requested: (1) the name of the political subdivision submitting the clearance report; (2) the name, date of birth, address, and telephone number of the driver; (3) the date of the original underlying citation; (4) the date of the failure to appear violation; (5) the date of the clearance report; (6) whether or not a fee was required; and (7) the amount of administrative fees that were paid. DPS responded on August 1, 2005, stating that it was prohibited by law from disclosing the requested information. On February 10, 2006, DPS made an untimely request for an attorney general opinion regarding the propriety of Jackson's request. The attorney general later opined that the information sought could not be disclosed. TEX. ATTY. GEN. ORD2006–03879 (2006).

Jackson filed suit against DPS urging his entitlement to the requested information. DPS filed a motion for summary judgment on May 3, 2006. In its motion, the department argued that: (1) section 552.130 of the Transportation Code prohib-its DPS from releasing the requested information; (2) section 521.051 of the Transportation Code prohibits DPS from releasing the requested information; and (3) the attorney general already held that DPS may not provide the requested information, which makes this information unavailable as a matter of law.

On May 23, 2006, Jackson filed his response and his own motion for summary judgment. In his response and motion, Jackson argued the following: (1) the FTA information is public information as a matter of law; (2) he is entitled to the requested information as a matter of law; (3) DPS's claim that the requested information is excepted from disclosure is incorrect as a matter of law; and (4) section 521.051 of the Transportation Code does not except the requested information from disclosure. The trial court granted DPS's motion for summary judgment on June 2, 2006. Jackson appeals.

### III. Applicable Law

#### A. Texas Public Information Act

The Texas Public Information Act ("TPIA" or "the Act") requires disclosure of public documents and information upon request to a governmental entity. TEX. GOV'T CODE ANN. §§ 552.021, 552.221 (Vernon 2004); *Simmons v. Kuzmich*, 166 S.W.3d 342, 346 (Tex.App.-Fort Worth 2005, no pet.). Information is considered public, if it is "collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business: (1) by a governmental body; or (2) for a governmental body and the governmental body owns the information or has a right of access to it." TEX. GOV'T CODE ANN. § 552.002(a) (Vernon 2004).

The TPIA excepts certain categories of information from the statutory disclosure requirement. *See id.*

§§ 552.101–136 (Vernon 2004 & Supp. 2006); *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex.2000). To assert an exception under the TPIA, a party must make a timely request for an attorney general's opinion to determine the applicability of such an exception to disclosure. TEX. GOV'T CODE ANN. § 552.301(a); *Simmons*, 166 S.W.3d at 346. If the party fails to make such request, the information is presumed to be subject to disclosure, unless the party shows a compelling reason to withhold the information. TEX. GOV'T CODE ANN. § 552.302 (Vernon Supp.2006); *Simmons*, 166 S.W.3d at 346. The TPIA directs the courts to liberally construe its provisions in favor of disclosure and to narrowly interpret the exceptions to disclosure. *Simmons*, 166 S.W.3d at 346; *Envoy Med. Sys., L.L.C. v. State*, 108 S.W.3d 333, 336 (Tex.App.-Austin 2003, no pet.); *City of San Antonio v. San Antonio Express-News*, 47 S.W.3d 556, 561–2 (Tex.App.-San Antonio 2000, pet. denied). Under the TPIA, determining whether an exception to disclosure applies is a question of law. *Simmons*, 166 S.W.3d at 346.

### B. Standard of Review for Summary Judgment

The standard of review for summary judgment is well established. The movant has the burden to establish that there are no material issues of fact. TEX.R. CIV. P. 166a(c); *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex.1999); *Mercier v. Southwestern Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 773 (Tex.App.-Corpus Christi 2007, no pet.). In deciding if there is a disputed material fact precluding summary judgment, evidence favorable to the non-movant will be taken as true, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003).

A matter is conclusively established if reasonable people could not differ as to the conclusions to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 823–25 (Tex.2005).

When both parties move for summary judgment, and the trial court grants one motion and denies the other, we will review both parties' summary judgment evidence and determine all questions that are presented. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). The court should render the judgment that the trial court should have rendered. *Garland*, 22 S.W.3d at 356. If the trial court did not state the specific grounds for its grant of summary judgment, we may affirm the trial court's ruling if any of the theories presented in the motion for summary judgment are meritorious. *Id.; Mercier*, 214 S.W.3d at 773.

### IV. Discussion of Issues

### A. Exceptions to Disclosure and Compelling Reasons

By issue one, Jackson makes three arguments: (1) the trial court erred in denying his motion for summary judgment because the requested documents were public information; (2) DPS failed to identify a valid statutory exception or to request an attorney general opinion; and (3) DPS did not demonstrate a compelling reason for nondisclosure. DPS contends that it has established the existence of compelling reasons for nondisclosure.

When a government agency considers requested information exempt from public disclosure, and no previous determination on the particular subject has been made, the TPIA requires the agency to timely request an attorney general's opinion regarding the subject matter in question. *See* TEX. GOV'T CODE ANN. § 552.301; *Garland*, 22 S.W.3d at 356. Pursuant to section 552.302 of the Texas Government Code, if a government body fails to make a

timely request for an attorney general decision "the information requested in writing is presumed to be subject to required public disclosure and must be released unless there is a compelling reason to withhold the information." *See* TEX. GOV'T CODE ANN. § 552.302; *Garland*, 22 S.W.3d at 356. Both parties agree that the request for the attorney general's opinion was not timely. However, an agency may overcome the presumption by showing that there is a compelling reason to withhold the information. *Simmons*, 166 S.W.3d at 350.

■ Although there is no pertinent case law showing what constitutes a "compelling reason" for disclosure, Texas Attorney General Opinions have consistently explained that "a compelling reason exists when third-party interests are at stake or when information is confidential under other law." TEX. ATTY. GEN. OP. OR2007–08326 (citing Open Records Decision No. 150 (1977)). Although an attorney general opinion is not binding on this court, it is given due consideration, especially in cases involving the Open Records Act. *Pack v. Crossroads, Inc.*, 53 S.W.3d 492, 504 (Tex. App.-Fort Worth 2001, pet. denied).

■ DPS urges that Section 521.051 of the Transportation Code provides a compelling reason for non disclosure. Information such as names, addresses, and dates of birth are prohibited from disclosure by section 521.051 of the Transportation Code, which states:

> The department may not disclose class-type listings from the basic driver's license record file to any person except as provided by Section 521.049(c), regardless of whether the requestor is eligible to receive information under Chapter 730.

TEX. TRANS. CODE. ANN. § 521.051 (Vernon 2007)

Here, Jackson requested a list of the drivers who received FTA clearances over a specified period of time. The information sought by Jackson included the date of birth, address, and telephone number of the driver as well as the underlying citation, failure to appear violation, the date of the clearance report, whether a fee was required and the amount of the administrative fees paid. In this case, the attorney general opined that section 521.051 of the Transportation Code provided a compelling reason for nondisclosure under section 552.302 of the Texas Government Code. Several open records opinions have looked at information similar to that requested here and found them exempt from disclosure.

For instance, a list of 25 holders of commercial driver's licenses who have the most violations on their driving records was exempt as a classtype listing. See TEX. ATT'Y GEN. ORD–5176(2002). Likewise, a list of all drivers who had to provide proof of financial responsibility from an insurance carrier to prevent suspension of their drivers' licenses was exempt from disclosure as a class-type listing. See TEX. ATT'Y GEN. ORD–9802 (2004). A list of persons required to pay a surcharge for a DWI conviction was a class type listing that may not be disclosed. See TEX. ATT'Y GEN. ORD–00364 (2005). Additionally, a list of the names and addresses of Bexar County residents who faced suspensions of drivers' licenses was a class typing listing. See TEX. ATT'Y GEN. ORD–8882 (2003). We find that, as a matter of law, the information sought in this case was a class-type listing. Section 521.051 prohibits the release of the information requested by Jackson. As such, the Department satisfied its burden to show a compelling reason for non-disclosure of the requested information.

C. Sufficiency of "compelling reasons"

Jackson also argues that DPS must identify an exception to disclosure rather

than demonstrate a compelling reason for nondisclosure. He contends that DPS's "compelling reasons" argument is unavailable pursuant to section 552.302 of the Texas Government Code. In his motion for summary judgment, Jackson argued that because DPS failed to make a timely request for an attorney general opinion, "it must articulate a compelling reason to withhold the information from disclosure." However, Jackson now poses a contrary argument that DPS's "compelling reasons" argument is unavailable pursuant to section 552.302 of the Government Code, because DPS *did* request an attorney general opinion.

 Section 552.302 is applicable when the "governmental body does not request an attorney general decision as provided by Section 552.301 ..." *See* TEX. GOV'T CODE ANN. § 552.302 (Vernon Supp.2006). Section 552.301(b) states that the request for the attorney general's opinion must be timely, more specifically, "not later than the 10th business day after the date of receiving the written request." *See* TEX. GOV'T CODE ANN. § 552.301(b) (Vernon Supp.2006). The attorney general's opinion was not requested until more than eight months after Jackson's initial written request, and all parties agree that the request was not timely. Because DPS's request for the attorney general opinion was not timely, DPS must provide a "compelling reason" to prevent disclosure. TEX. GOV'T CODE ANN. § 552.302. It clearly complied.

V. Conclusion

We overrule all of Jackson's issues and affirm the judgment of the trial court.