Affirmed and Majority and Dissenting Opinions filed January 8, 2009








Affirmed
and Majority and Dissenting Opinions filed January 8, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00621-CV

____________

 

GLORIA CELESTE LOVING, Appellant

 

V.

 

CITY OF HOUSTON, Appellee

 



 

On Appeal from the 151st
District Court

Harris County, Texas

Trial Court Cause No. 2006-48945

 



 

M A J O R I T Y   O P I N I O N








Appellant Gloria Celeste Loving filed a suit for writ of
mandamus against appellee City of Houston to compel disclosure of requested
information under the Texas Public Information Act.  Appellee filed a special
exception, stating that a mandamus action was not proper under the Texas
Government Code when the attorney general had issued a letter ruling excepting
the information from disclosure.  The trial court granted the special
exception, but appellant did not amend her pleading on this issue.  Appellee moved
for summary judgment on two grounds: (1) the pleading is deficient; and (2) the
information is confidential.  Finding appellee met its summary-judgment burden
on the second ground, we affirm the judgment of the trial court.    

I.  Factual and Procedural Background

On January 26, 2005, appellant, through her attorney Steven
Lieberman, submitted a request to the City of Houston for a copy of all
incident/offense reports and witness statements in Incident No. 037634500, a
case involving a person named Quient Wolford.  The City legal department
responded on February 16, denying the request.  The City cited two prior
informal letter rulings from the attorney general=s office as
support of its decision to withhold the information.  According to the letter
rulings, the information is confidential because it involves a juvenile at the
time of the incident, and juvenile law-enforcement records relating to conduct
that occurred on or after September 1, 1997, are confidential.   

Lieberman then submitted a letter to the attorney general=s office,
requesting review of the City=s decision to withhold the information. 
Lieberman explained that Quient Wolford was not a juvenile at the time of the
incident for which Lieberman was requesting information, and that Michael
Torres was certified to stand trial as an adult.  The letter argued that, if
there was a concern, the City could easily redact references to Torres in the
information requested.  The attorney general=s office responded
that it could not resolve disputes of fact in the open-records process, and,
therefore, must rely on the representations of the City when it requested a
ruling.  The letter concluded that the City could withhold the information in
reliance on the two prior rulings by the attorney general=s office.  








On August 10, 2006, appellant filed an original petition
for writ of mandamus, requesting the trial court order the City to produce the
requested information.  Appellee responded with special exceptions, stating
that (1) Harold Hurtt, Chief of Police, was not a proper party, and (2) Texas
Government Code section 552.321(a) did not authorize a suit for writ of
mandamus for public-information requests in which the attorney general=s office had
issued a letter ruling excepting the information from public disclosure.  The
trial court granted the special exceptions.  Appellant filed an amended
petition and notice of non-suit without prejudice as to her claim against
Harold Hurtt, but did not amend the petition in response to the second special
exception.  Appellee filed a traditional motion for summary judgment, stating
(1) appellant failed to amend her petition after the court granted appellee=s special
exception and (2) Texas Government Code section 552.101 prevented the requested
information from being disclosed.  The trial court granted appellee=s motion for
summary judgment without specifying the grounds. 

II.  Discussion

In three issues on appeal, appellant challenges the trial
court=s granting of a
special exception and the final summary judgment.  Specifically, she contends
the trial court erred by granting (1) a special exception on the ground that
the Texas Government Code does not authorize a mandamus action in this case;
(2) summary judgment when appellant did not amend her petition; and (3) summary
judgment when appellee failed to meet its summary-judgment burden.  We will
address the third issue first because it is dispositive in this case.

Did
appellee satisfy its summary-judgment burden?

Appellant contends the trial court erred in granting
summary judgment because appellee failed to meet its summary-judgment burden. 
Specifically, appellant asserts that appellee has not shown, through its
correspondence with appellant=s attorney and the attorney general=s office, that the
information in question is confidential.








We review the district court=s summary judgment
de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661
(Tex. 2005).  The movant for a traditional summary judgment has the burden to show
there is no genuine issue of material fact and it is entitled to judgment as a
matter of law.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.
1985).  In determining whether there is a genuine fact issue precluding summary
judgment, evidence favorable to the nonmovant is taken as true and the
reviewing court makes all reasonable inferences and resolves all doubts in the
nonmovant=s favor.  Id. at 548-49.  When the trial court=s order granting
summary judgment does not specify the grounds relied upon, we must affirm if
any of the theories advanced are meritorious.  See Texas Workers= Comp. Comm=n v. Patient
Advocates of Tex., 136 S.W.3d 643, 648 (Tex. 2004).

Texas Public Information Act 

A[I]t is the policy of this state that each
person is entitled, unless otherwise expressly provided by law, at all times to
complete information about the affairs of government and the official acts of
public officials and employees.@  Tex.
Gov=t Code Ann. ' 552.001(a) 
(Vernon 2004).  The Texas Public Information Act excepts from disclosure
certain categories of information.  See Tex. Gov=t Code Ann. ' 552.101-552.148
(Vernon 2004 & Supp. 2008).  Section 552.101 of the Act excepts from
disclosure information that is confidential by law, either constitutional,
statutory, or by judicial decision.  Id. ' 552.101.  The Act
is to be liberally construed in favor of disclosing requested information,
while exceptions to disclosure are interpreted narrowly.  Id. ' 552.001(b); Jackson
v. Texas Dep=t of Pub. Safety, 243 S.W.3d 754,
757 (Tex. App.CCorpus Christi 2007, pet. denied).  A governmental
body seeking to withhold information under the Act must establish that the
requested information is not subject to the Act or falls within one of the Act=s enumerated
exceptions to disclosure.  Abbott v. North East Indep. Sch. Dist., 212
S.W.3d 364, 367 (Tex. App.CAustin 2006, no pet.).  Whether information
is subject to the Act and whether an exception to disclosure applies are
questions of law.  A & T Consultants v. Sharp, 904 S.W.2d 668, 674
(Tex. 1995).

Here, appellee contends the requested information is
excepted from disclosure because the information involves a juvenile
law-enforcement record, which is confidential under Family Code section
58.007(c).  That provision of the Family Code provides:








Except as provided by Subsection (d), law enforcement records and files
concerning a child and information stored, by electronic means or otherwise,
concerning the child from which a record or file could be generated may not be
disclosed to the public and shall be:

(1) if maintained on paper or microfilm kept separate from adult files
and records;

(2) if maintained electronically in the same computer system as records
or files relating to adults, be accessible under controls that are separate and
distinct from controls to access electronic data concerning adults; and 

(3) maintained on a local basis only and not sent to a central state or
federal depository, except as provided by Subchapters B, D, and E.

Tex.
Fam. Code Ann. ' 58.007(c) (Vernon
2002 & Pamph. 2008).  Appellee presented as summary-judgment evidence the
correspondence between the parties and the attorney general=s office.    

Appellant contends Family Code section 58.007(c) only
applies to law-enforcement records and files Aconcerning a child@ and she is
seeking the law-enforcement records and files for an adult, Quient Wolford.  See
id.  However, appellant states in her First Amended Petition for Writ of
Mandamus that she is seeking one incident report that concerns an investigation
resulting in the arrest and prosecution of Wolford and Torres, a juvenile,
among others.  A Achild@ is defined in the
Family Code as Aa person who is: (A) ten years of age or
older and under 17 years of age; or (B) seventeen years of age or older and
under 18 years of age who is alleged or found to have engaged in delinquent
conduct or conduct indicating a need for supervision as a result of acts
committed before becoming 17 years of age.@  Tex. Fam. Code Ann. ' 51.02(2) (Vernon
2002).  Although we have not seen the incident report in question, the parties
do not dispute the fact that Torres met this definition at the time of the
incident.  Because Torres was a Achild,@ the requested
information involves the law-enforcement records and files concerning a child
and it may not be disclosed.  See id. ' 58.007(c).  

Appellant argues that
Torres was certified and tried as an adult and, therefore, Family Code section
58.007(c) is inapplicable.  The parties do not dispute the fact that Torres was









certified and
tried as an adult.[1] 
Family Code section 51.14, the predecessor to section 58.007,

expressly provided an exception to
confidentiality for such a situation:

Except as provided by Article
15.27, Code of Criminal Procedure, and except for files and records relating to
a charge for which a child is transferred under Section 54.02 of this code to a
criminal court for prosecution, the law-enforcement files and records are not
open to public inspection nor may their contents be disclosed to the public[.]

 

Act of 1993, 73rd
Leg., R.S., ch. 461, ' 3, 1993 Tex. Gen. Laws 1850, 1852 repealed
by Act of May 27, 1995, 74th Leg., R.S., ch. 262, ' 100(a), 1995 Tex.
Gen. Laws 2517, 2590.  Family Code section 58.007, added by the 74th Legislature
in 1995, the same year Family Code section 51.14 was repealed, does not include
any such language.  Act of May 27, 1995, 74th Leg., R.S., ch. 262, ' 53, 1995 Tex.
Gen. Laws 2517, 2552.  When the legislature amends a statute and excludes
certain language of the former statute in its new version, we are to presume
the language was excluded for a reason and the excluded language is no longer
the law.  See Morrison v. Chan, 699 S.W.2d 205, 208 (Tex. 1985) (AEvery word
excluded from a statute must be presumed to have been excluded for a reason.@); State v.
Eversole, 889 S.W.2d 418, 425 (Tex. App.CHouston [14th
Dist.] 1994, pet. ref=d) (holding perjury language in repealed
section of Texas Election Code was not in new version and, therefore,
legislature did not intend such a penalty).  Therefore, because 58.007 does not
contain language allowing the disclosure of law-enforcement records where a
juvenile has been certified and tried as an adult, the requested information is
excepted from disclosure.  








Appellant suggests that Family Code
section 58.007(d) applies in this case.  Subsection (d) is an exception to the
confidentiality and maintenance requirements in section 58.007(c).  See
Tex. Fam. Code Ann. ' 58.007(c) (Vernon 2002 & Pamph.
2008).  Section 58.007(d) states:

The law enforcement files and records of a person who
is transferred from the Texas Youth Commission to the institutional division or
the pardons and paroles division of the Texas Department of Criminal Justice
may be transferred to a central state or federal depository for adult records
on or after the date of transfer.  

 

Tex. Fam. Code Ann. ' 58.007(d) (Vernon 2002).  Appellant
has put forth no evidence that Torres was transferred from the Texas Youth Commission
to the specified divisions of the Texas Department of Criminal Justice, nor has
she shown his law-enforcement files and records were transferred to a central
state or federal depository for adult records.  Without such a showing, Family
Code section 58.007(d) does not apply.  

Finally, appellant
contends that separate files should have been maintained for Wolford and for
Torres, citing Family Code section 58.007(c).  According to section 58.007(c),
law-enforcement records and files concerning a child must be kept separate from
adult files and records.  Id. '
58.007(c)(1)-(2).  While it may be true that two separate files should have
been maintained, one for Wolford and one for Torres, the fact is appellant
seeks one document B Houston Police Department Incident Report
Number 037634500 B and, according to the parties, that
report contains information concerning Torres, a Achild@ at the time of
the incident.  As such, the report is a law-enforcement record concerning a
child and may not be disclosed to the public.  See id. ' 58.007(c). 
Appellant suggests the information about Torres could be redacted; however, she
offers no authority for doing so. 

We conclude
summary judgment was proper on the ground that the information is confidential
by law under Family Code section 58.007(c).  We, therefore, overrule appellant=s third issue.  








In her first two
issues, appellant contends the trial court erred when it granted (1) a special
exception on the ground that Texas Government Code section 552.321(a) did not
authorize a suit for writ of mandamus and (2) summary judgment on the ground
that appellant did not amend her pleadings after the special exception.  The
parties disagree over whether Texas Government Code section 552.321 gives
appellant the right to file a suit for mandamus against appellee when the
attorney general has determined the requested information is not subject to
disclosure.  A suit for mandamus may be filed to compel a governmental body to
make information available for public inspection under certain circumstances.  See Tex. Gov=t Code Ann. ' 552.321 (Vernon
2004).  We have held the information is confidential under Family Code section
58.007.  Therefore, appellee has no duty to provide the requested information,
even if appellant had a right to file a suit for mandamus in this
circumstance.  See Blankenship v. Brazos Higher Educ. Auth., Inc., 975
S.W.2d 353, 362 (Tex. App.CWaco 1998, pet. denied) (holding summary
judgment proper when entity was not Agovernmental body@ and, therefore,
no error in denying writ of mandamus because custodian of records had no duty
to provide requested information).  Moreover, we need not address appellant=s second issue
because summary judgment can be affirmed on the ground discussed above.  See
Provident Life and Accident Ins. Co., 128 S.W.3d 211, 223 (Tex. 2003);  Tex.
R. App. P. 47.1.

 

Conclusion

Having concluded
that appellee met its burden for summary judgment, we affirm the judgment of
the trial court.

 

 

/s/      John S. Anderson

Justice

 

Panel consists of
Justices Anderson, Frost, and Senior Justice Hudson.* 

 









[1]  Loving notes that when her attorney raised the issue of Torres being
certified and tried as an adult in his letter to the attorney general=s office, the office responded that
it could not resolve disputes of fact in the open-records process and must rely
on the City=s representations.  However, no
factual dispute exists as to whether Torres was certified and tried as an
adult; the parties agree that he was. 





*  Senior Justice J. Harvey Hudson sitting by
assignment.