ACCEPTED
01-15-00145-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/17/2015 12:00:00 AM
CHRISTOPHER PRINE
CLERK

## NO. 01-15-00145-CV

### In the
### First Court of Appeals
### of Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/16/2015 3:42:56 PM
CHRISTOPHER A. PRINE
~~Clerk~~

## Harris County Appraisal District
### Appellant

### v.

## Integrity Title Company LLC and Marian Cones
### Appellees

## On Appeal from the 151st Judicial District Court of Harris County, Texas
## Trial Court Cause Number 2014-13474
## The Honorable Mike Engelhart, Presiding

## BRIEF OF APPELLEES

Bill Aleshire
State Bar No. 24031810
AleshireLaw, PC
700 Lavaca St., Suite 1400
Austin, Texas 78701
512 320-9155
512 320-9156 Facsimile
Bill@AleshireLaw.com

ATTORNEY FOR APPELLEES

ORAL ARGUMENT REQUESTED

## CORRECTED IDENTIFY OF PARTIES AND COUNSEL

Appellee corrects HCAD's Identity of Parties and Counsel as to the name of Appellees. The correct name of Appellees is Integrity Title Company, LCC and Marian Cones.

## PARTY AND RECORD REFERENCES

Appellant Harris County Appraisal District is referred to as "HCAD" and Appellees Integrity Title Company, LLC and Marian Cones are referred to as "Integrity Title."

Petitioner GHP will cite the record as follows:

| | | |
|---|---|---|
| Clerk's Record | - | CR:(page) |
| Reporter's Record | - | RR[vol]:(page) |
| Plaintiffs' Exhibits | - | RR[vol]:PX(#) |
| Defendant's Exhibits | - | RR[vol]:DX(#) |

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... iii

INDEX OF AUTHORITIES ................................................................................... iv

STATEMENT ON ORAL ARGUMENT ................................................................. v

ISSUES – REPLY POINTS PRESENTED .............................................................. vi

STATEMENT OF FACTS ....................................................................................... 1

SUMMARY OF THE ARGUMENT ........................................................................ 5

ARGUMENT ........................................................................................................... 7

     STANDARD OF REVIEW ........................................................................... 7

     REPLY POINT 1 (to Appellant's Issue No. 1):
     REGARDLESS OF ANY RULING BY THE ATTORNEY GENERAL,
     THE TRIAL COURT HAD JURISDICTION UNDER TPIA § 552.321(A)
     TO DETERMINE WHETHER THE REQUESTED INFORMATION
     (HCAD'S RECORD OF THE COUNTY CLERK'S DEED DOCUMENT
     NUMBER & DATE) IS "PUBLIC INFORMATION," THE DISCLOSURE
     OF WHICH IS SUBJECT TO MANDAMUS ................................................ 8

Section 552.321 confers jurisdiction regardless of Attorney General rulings ......... 8

*El Paso v. Abbott* does not apply to facts or pleadings of this case ...................... 10

Did the Attorney General Even Address the Records at Issue? ............................. 13

     REPLY POINT 2 (to Appellant's Issue Nos. 2 and 3):
     HCAD'S RECORD OF THE COUNTY CLERK'S DEED DOCUMENT
     NUMBER & DATE IS NOT WITHIN THE SCOPE OF THE "MLS
     EXCEPTION" TO DISCLOSURE, TPIA § 552.149 ................................... 14

Exceptions to disclosure, such as § 552.149, are narrowly construed .................. 14

TPIA § 552.149 does not apply to Count Clerk deed information.........................15

HCAD withholds deed information it did not obtain from a vendor.....................18

CONCLUSION.............................................................................................19

PRAYER.......................................................................................................20

CERTIFICATE OF COMPLIANCE...............................................................20

CERTIFICATE OF SERVICE........................................................................ 21

# INDEX OF AUTHORITIES

## TEXAS CASES

*City of Fort Worth v. Cornyn*, 86 S.W.3d 320 (Tex. App.-Austin 2002)................14

*El Paso v. Abbott*, 444 S.W.3d 315 (Tex. App.—Austin 2014 pet. denied).....10, 11

*Houston Indep. Sch. Dist. v. Houston Chronicle Publishing Co.,* 798 S.W.2d 580 (Tex. App.—Houston [1st Dist.] 1990, writ denied).................................13

*Jackson v. Texas Dept. of Public Safety,* 243 S.W.3d 754 (Tex. App.—Corpus Christi 2007 pet. denied)..................................................7, 8

*Kallinen v. City of Houston*, 462 S.W.3d 25 (Tex. 2015)....................................10

*State Dept. of Highways & Pub. Transp. v. Gonzales,* 82 S.W.3d 322 (Tex. 2002)..................................................................7

*Texas Appleseed v. Spring Brank ISD,* 388 S.W.3d 775 (Tex. App.—Houston [1st Dist.] 2012).................................................................14

*Texas Dept. of Pub. Safety v. Gilbreath,* 842 S.W.2d 408 (Tex. App.—Austin 1992).................................................9

*Thomas v. Cornyn*, 71 S.W.3d 473 (Tex. App.—Austin 2002)............................9

## STATUTES
Tex. Gov't Code § 552.001(a)................................................14

Tex. Gov't Code § 552.149.................................................passim

Tex. Gov't Code § 552.321.................................................passim

## LEGISLATIVE HISTORY
Senate State Affairs Comm., Bill Analysis, Tex. H.B. 2188, 80th Leg., R.S. (2007).................................................17

## STATEMENT ON ORAL ARGUMENT

Appellee requests oral argument only because Appellant requested oral argument, but with the record and issues of law as clear as they are, this case might well be decided without oral argument. If oral argument is deemed appropriate, Appellee asks to be included.

## ISSUES PRESENTED - REPLY POINTS

**REPLY POINT 1 (to Appellant's Issue No. 1):**

**REGARDLESS OF ANY RULING BY THE ATTORNEY GENERAL, THE TRIAL COURT HAD JURISDICTION UNDER TPIA § 552.321(A) TO DETERMINE WHETHER THE REQUESTED INFORMATION (HCAD'S RECORD OF THE COUNTY CLERK'S DEED DOCUMENT NUMBER & DATE) IS "PUBLIC INFORMATION," THE DISCLOSURE OF WHICH IS SUBJECT TO MANDAMUS.**

**REPLY POINT 2 (to Appellant's Issue Nos. 2 and 3):**

**HCAD'S RECORD OF THE COUNTY CLERK'S DEED DOCUMENT NUMBER & DATE IS NOT WITHIN THE SCOPE OF THE "MLS EXCEPTION" TO DISCLOSURE, TPIA § 552.149.**

## STATEMENT OF FACTS

Appellee provides this Statement of Facts to supplement and to correct errors in Appellant's Statement of Facts.

Marian Cones, on behalf of Integrity Title Company, LLC. submitted a public information request to the Harris County Appraisal District (HCAD) for public information contained in HCAD's computers. CR 135, Finding of Fact 1. Specifically, Integrity Title asked solely for "a list in electronic format showing the HCAD account number, the deed transaction date, and the County Clerk's document number (a/k/a 'deed number')." (Hereafter, the "requested information".) *Id.* This is the information at issue in this case.

HCAD uses public funds, through a contract with PropertyInfo, to collect the requested information, in addition to other information related to sales prices of property sold within Harris County. CR 135, Finding of Fact 2. The deed document number & date is obtained from the Harris County Clerk's real property records. CR 136, Finding of Fact 3. Unlike sales price, property description and characteristics that HCAD's vendor obtains from private sources, the deed document number/date is generated by and owned by the Harris County Clerk as

part of the clerk's public records. *Id.* [1]

Ironically, HCAD's website discloses other information about real property deed transactions that it receives from PropertyInfo, including (a) Grantee's name and address; (b) Grantor's name; (c) HCAD account number; (d) Lot & block number of property. *See* CR: 136 (Finding of Fact 7; RR2: 101(Lines 17-20); 103-04 (Testimony of HCAD witness Kelly Sherbert); RR3: PX 4 (Admissions 10 thru 19); (*See* RR3: PX6 (at page "Cones-0041-44).

The appraisal district account number and County Clerk's deed document/date (for each account) is readily available online from appraisal districts throughout Texas—except HCAD. RR3: PX 6; RR2: 50 (lines 12-18). (Samples of CAD online data showing deed document number/date from examples of the following counties: RR3: PX 6, Bastrop (Cones -001), Bexar (Cones -003), Brazoria (Cones -004), Brazos (Cones -006,7), Cameron (Cones -009), Chambers (Cones -0010), Collin (Cones -0012), Comal (Cones -0014), Dallas (Cones -0017), Denton (Cones -0021), Fort Bend (Cones -0023), Galveston (Cones -0024), Guadalupe (Cones -0026), Hays (Cones -0028), Liberty (Cones -0032), Lubbock (Cones -0033), Montgomery (Cones -0034), Tarrant (Cones -0036, 37), Travis

---

[1]     The County Clerk creates and prints the deed document number and date on the deed when filed, usually in the upper right corner of the first page of the document. An example can be found at RR4: 161.

(Cones -0039), and Waller (Cones -0040)).

HCAD refused to supply the requested information and sought a ruling by the Attorney General. CR 136, Finding of Fact 4. Integrity Title disagrees with the statement in HCAD's Statement of Facts (at 1), that the Attorney General ruled that the requested information must be withheld from disclosure, because, as the trial court pointed out, that ruling (OR2014-00904) "is not very closely related to what the actual dispute is...." CR: 137, Conclusion of Law 4. The Attorney General relied on HCAD'S erroneous description of what information was requested which implied, for example, that sales price information was being requested. RR3: PX2 at 2 (noting HCAD's submission to the Attorney General of an entire "Property Transaction Report" received by Property Info "from a private multiple listing service"); RR3: PX3 (OR2014-00904 at 2-3 ("In this instance, you [HCAD] state the submitted information relates to real property sales and was provided to the district by a private entity.... Based on your representations and our review, we find the district must withhold the submitted information under section 552.149(a) of the Government Code.").

HCAD's ruling request to the Attorney General obfuscated what specific information Integrity Title was actually requesting and wrongly implied to the Attorney General that broader "deed transaction information" on the vendor's "Property Transaction Report" (which does include confidential MLS sales price

information) was at issue. RR3: PX2. HCAD's letter request never clarified that the only information at issue was HCAD's records of the County Clerk's deed document number/date. *Id.* Likewise, the Attorney General's ruling never mentioned the specific information at issue nor the fact that the information at issue was created by and derived from the County Clerk's office (not MLS), and relied on HCAD's misleading representations. RR3: PX3 (OR2014-00904 at 2-3.

The trial court not only determined that HCAD's record of the Harris County Clerk's deed document number/date was public information, and not confidential under section 552.149, the court found that the Attorney General ruling "is not very closely related to what the actual dispute is...." CR: 137 (Conclusion of Law 4).

The court said:

> In taking into consideration the Attorney General's ruling (OR2014-00904) that the requested information is not subject to disclosure, the Court finds that the description of the disputed information in OR2014-9904 is not very closely related to what the actual dispute is, *i.e.*, a dispute about information that comes from a publicly funded office (the Harris County Clerk's Office), then goes through the machinations of a private company under contract with public funds and then sold back to another governmental entity, the Harris County Appraisal District.

## SUMMARY OF THE ARGUMENT

The trial court correctly denied HCAD's plea to the jurisdiction. Pursuant to TPIA section 552.321(a), the trial court has jurisdiction to determine whether the requested information was "public information" for which mandamus should issue, regardless of how, or even whether, the Attorney General ruled on that issue. HCAD is clearly wrong in asserting that the court loses jurisdiction "because HCAD followed the Attorney General's directive [the open record ruling]."

The information Integrity Title requested from HCAD's computer records was merely the deed document number(s)—created and assigned to each deed by the Harris County Clerk in the Clerk's public records—and the deed/sale date(s) for each parcel of real property on HCAD's appraisal records. In the court's ruling (RR2: 145], the trial court framed well the issue in this case, about whether Section 552.149, the "MLS Exception" to disclosure, makes the requested information confidential. The court said:

> It is not a case about MSL sales data or privately generated information. It's a dispute about information that comes from a publicly funded office [the Harris County Clerk's Office], then goes through the machinations of some private company [PropertyInfo] and then sold back to another governmental entity [HCAD].

RR2: 145

Although, the deed document number and date is undeniably public information if obtained from the County Clerk—and HCAD has never asserted otherwise—HCAD argues that it morphs into confidential information because HCAD paid a vendor to go obtain that information from the County Clerk and provide it to HCAD. The fact that HCAD's contractor also obtains and provides HCAD with other information from other sources, including MLS sales price and property characteristics, is irrelevant because Integrity Title has not requested any of that other information.

The legislative history of section 552.149 indicates that after previous Attorney General rulings that MLS-obtained data (such as sales prices) became subject to public disclosure in the hands of the appraisal districts, MLS refused to provide this helpful information to appraisal districts anymore. So, the Legislature enacted TPIA section 552.149—the "MLS Exception"—so that appraisal districts could still obtain confidential *privately-generated* information, such as sales prices, pictures of the property, descriptions (such as "2 bedroom/2 bath") and characteristics (such as "swimming pool"). This MLS Exception to disclosure does apply to information that Integrity Title has *not* requested, but the exception *does not apply* to the information Integrity Title did request.

HCAD urges an enormously broad interpretation of section 552.149 that would make confidential every bit of property information HCAD purchases from

any source with public funds, regardless of the original source or nature of the information obtained. Under HCAD's interpretation of section 552.149, if HCAD itself paid the County Clerk for a copy of a deed, HCAD's copy of that public record would be confidential information.

HCAD's interpretation is at odds with the mandate to narrowly interpret exceptions to disclosure in the TPIA. Section 552.149 is applicable to *privately-generated* information, such as sales prices, and it is inapplicable to *government-generated* information, such as deed document number, even if obtained by HCAD's vendor from the County Clerk's public records.

## APPELLEES' ARGUMENT

### STANDARD OF REVIEW

Because this appeal is based on a challenge to the trial court's subject-matter jurisdiction under Tex. Gov't Code § 552.321, [2] which is a question of law, this Court reviews the trial court's ruling *de novo*. *State Dept. of Highways & Pub. Transp. v. Gonzales,* 82 S.W.3d 322, 327 (Tex. 2002). Likewise, this Court reviews the question of law of the trial court's interpretation of Tex. Gov't Code § 552.149(a) *de novo*, narrowly interpreting such an exception to disclosure and liberally construing the TPIA in favor of disclosure. *Jackson v. Texas Dept. of*

---

[2] For brevity, references to Tex. Gov't Code ch. 552 and its sections will be to the Texas Public Information Act as the "TPIA."

*Public Safety,* 243 S.W.3d 754, 757 (Tex. App.—Corpus Christi 2007 *pet. denied*) ("The TPIA directs the courts to liberally construe its provisions in favor of disclosure and to narrowly interpret the exceptions to disclosure. [citations omitted].... Under the TPIA, determining whether an exception to disclosure applies is a question of law.").

## REPLY POINTS

### REPLY POINT 1 (to Appellant's Issue No. 1):

**REGARDLESS OF ANY RULING BY THE ATTORNEY GENERAL, THE TRIAL COURT HAD JURISDICTION UNDER TPIA § 552.321(A) TO DETERMINE WHETHER THE REQUESTED INFORMATION (HCAD'S RECORD OF THE COUNTY CLERK'S DEED DOCUMENT NUMBER & DATE) IS "PUBLIC INFORMATION," THE DISCLOSURE OF WHICH IS SUBJECT TO MANDAMUS.**

Section 552.321 confers jurisdiction regardless of Attorney General rulings

Section 552.321's grant of jurisdiction to the court contains nothing that suggests the Court lacks jurisdiction based on *why, i.e.,* for what reason, the governmental body refuses to supply the requested public information. Even if the governmental body refuses to supply public information because the Attorney General ruled an exception to disclosure applied, the Court still has jurisdiction to determine whether the exception to disclosure applies. The case law is

indisputable and clear that courts have jurisdiction under section 552.321 when a governmental body withholds public information, regardless of whether the Attorney General was asked for a ruling and regardless of what that ruling was.

In fact, long-held case law makes this very clear. "Section 552.321 confers upon the trial court the authority to issue a writ of mandamus in three circumstances..." *Thomas v. Cornyn*, 71 S.W.3d 473, 481 (Tex. App.—Austin 2002 no pet) (emphasis added). The second circumstance listed by the Court was "where the governmental body refuses to supply public information." *Id.* [3]

In *Thomas,* the Court explicitly rejected the same claim that HCAD makes here: that if the Attorney General rules information is not subject to disclosure, the Court lacks jurisdiction under Section 552.321(a). "A requestor may bring a mandamus action regardless of whether an attorney general's opinion has been requested or *despite the issuance of an adverse attorney general's opinion that favors the withholding of the information."* *Thomas v. Cornyn*, 71 S.W.3d 473 (Tex. App.—Austin 2002 no pet.) (citing *Texas Dept. of Pub. Safety v. Gilbreath*, 842 S.W.2d 408, 411 (Tex. App.—Austin 1992, no writ)) (emphasis added).

If any doubt remained about whether courts have jurisdiction under section

---

[3] The other two circumstances are (1) where a governmental body refuses to request an attorney general's decision, and (3) where a governmental body refuses to supply public information that the attorney general has determined is public information not excepted from disclosure. *Id.*

552.321 to determine whether information must be disclosed—regardless of whether or how the Attorney General might have ruled—all doubt was eliminated by a more recent decision of the Texas Supreme Court. In *Kallinen v. City of Houston*, the City of Houston argued that the trial court lacked jurisdiction until the Attorney General ruled. But the Supreme Court said:

> Further, the City's view of Section 552.321(a) would relegate mandamus relief to compelling a governmental body to request an Attorney General's decision and then comply with it. The correctness of that decision would be unreviewable. But we have reviewed the Attorney General's rulings. [citations omitted]. And we have interpreted PIA exceptions without a ruling by the Attorney General. [citations omitted].

*Kallinen v. City of Houston*, 462 S.W.3d 25, 28 (Tex. 2015).

### *El Paso v. Abbott* does not apply to facts or pleadings of this case

HCAD's Brief, at 7, wrongly cites *El Paso v. Abbott,* 444 S.W.3d 315, 327 (Tex. App.—Austin 2014 pet. denied) for the proposition that HCAD can withhold the information "because HCAD followed the Attorney General's directive" (referring to the ruling OR2014-00904). Such an interpretation of section 552.321(a)—that the court loses jurisdiction if the governmental body complies with the Attorney General's ruling and withholds public information—is repudiated by the Supreme Court's opinion in *Kallinen v. City of Houston*. The court has jurisdiction to determine if the withheld information is public information subject to disclosure, regardless of how the Attorney General ruled.

HCAD misreads the circumstances and the actual holding in the *El Paso* case. In *El Paso*, there were two types of information at issue: (1) emails between Council members that the City, at first, resisted disclosing despite the Attorney General's ruling that the City must release those emails, and (2) the personal email addresses the Council members used for the emails about official City business, that the Attorney General ruled were not subject to disclosure and could be withheld. *El Paso v. Abbott*, 444 S.W.3d at 327. So, two of the circumstances in section 552.321(a) were at issue, (1) whether the City refused to disclose information the Attorney General considered subject to disclosure (the emails between Council members), and (2) whether the City refused to disclose public information, regardless of how the Attorney General ruled (the email addresses).

While the lawsuit was pending, the City announced it would change its position and comply with the ruling and asserted with affidavits that it had disclosed all of the emails between the Council members. *El Paso v. Abbott*, 444 S.W.3d at 317 ("During the pendency of its suit, however, the City decided to comply in full with the attorney general's decision and produced to Allala the responsive information in its possession."). That change of circumstances is why the Court held that the City was no longer "refusing" to disclose information that the Attorney General ruled should be disclosed. *El Paso v. Abbott*, 444 S.W.3d at 324.

This part of the *El Paso* opinion is irrelevant to the present HCAD case because the Attorney General did not hold that information should be disclosed by HCAD. Instead, Integrity Title asserts, and the trial court found, that HCAD is refusing to supply "public information" even though the Attorney General—supposedly—ruled the requested information was not subject to disclosure. The court has jurisdiction to make that determination.

As to the second issue in *El Paso,* the disclosure of the email addresses, the Court suggested that the requestor's original petition had not included a claim that the city withheld public information, only that the city had withheld information the Attorney General had indicated should be disclosed, which the Court found they were no longing withholding. [4] That pleading issue was disputed and the subject of briefing to the Supreme Court in the petition for review (which was denied). No such pleading issue exists in this case. CR 7 (Integrity Title's Original Petition pleading, "Pursuant to TPIA section 552.321, Integrity Title seeks a writ of mandamus from the Court *to compel HCAD to provide the public information requested by Integrity Title.*"). (emphasis added).

The Court of Appeals opinion in *El Paso,* is not to be read for the

---

[4] Counsel for Integrity Title, Bill Aleshire, in this case was also counsel for the requestor/intervenor, Stephanie Allala, in the *El Paso* case and is very familiar with the facts, issues, and pleadings in that case.

proposition asserted by HCAD, that if the Attorney General rules that public information can be withheld, then a trial court lacks jurisdiction to consider whether the Attorney General was correct. Even if that had been the holding in *El Paso,* such a holding would be directly at odds with the Supreme Court's holding in *Kallinen.* The bottom line is that the *El Paso* opinion did not address whether the email addresses were "public information" (regardless of the Attorney General's opinion) because the Court did not feel that issue had been pled.

### Did the Attorney General Even Address the Records at Issue?

Even if HCAD were correct, that the court lacks jurisdiction under section 552.321 if HCAD withholds public information because the Attorney General says they can, in this case, it is not clear that the ruling by the Attorney General made such a clear ruling on the requested information, and, regardless, the trial court was bound to follow such a ruling. It is a long-held legal maxim in Texas that Attorney General opinions are given consideration by the Courts, but the Courts are not obligated to accept the Attorney General opinions. "While such opinions are to be given great weight, they are not binding upon a court of law." *Houston Indep. Sch. Dist. v. Houston Chronicle Publishing Co.,* 798 S.W.2d 580, 588 (Tex. App.— Houston [1st Dist.] 1990, writ denied). Even after an Attorney General ruling, the trial court maintains jurisdiction to determine if HCAD refused to supply public information without legal excuse for doing so. Furthermore, in this case, the trial

court determined (Conclusion of Law 4) that the Attorney General's ruling did not even address the real issue of whether HCAD's record of the County Clerk's deed document number/date is subject to disclosure.

**REPLY POINT 2 (to Appellant's Issue Nos. 2 and 3):**

**HCAD'S RECORD OF THE COUNTY CLERK'S DEED DOCUMENT NUMBER & DATE IS NOT WITHIN THE SCOPE OF THE "MLS EXCEPTION" TO DISCLOSURE, TPIA § 552.149.**

Exceptions to disclosure, such as § 552.149, are narrowly construed

As an initial matter of statutory interpretation, TPIA section 552.001(a) says, "... it is the policy of this state that each person is entitled, unless otherwise expressly provided by law, at all time to complete information about the affairs of government and the official acts of public officials and employees." Tex. Gov't Code section 552.001(a). Courts have consistently held: "To that end, the act must be liberally construed in favor of granting a request for information *and the exceptions must be narrowly construed.*" *Texas Appleseed v. Spring Brank ISD,* 388 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2012)(citing TPIA section 552.001(b) requiring act to be liberally construed in favor of granting request for information); *City of Fort Worth v. Cornyn,* 86 S.W.3d 320, 329 (Tex. App.-Austin 2002) (holding Texas courts have consistently narrowly construed the type of information that may be withheld under the act's exceptions). (emphasis added).

So, the "MLS exception" to disclosure in section 552.149 is be *narrowly* construed.[5] HCAD gives an overly broad reading of the MLS Exception. Section 552.149 does not, as HCAD argues, "state[] that the information received from a private entity, such as [PropertyInfo], under Chapter 6 of the Tax Code is excepted from disclosure." HCAD's Brief at 10. Section 552.149 does not make confidential *all* information HCAD receives from a paid contractor. If it did, HCAD could not publicly disclose, as it does, its own account number, the date of a deed transaction, the legal description of the property, the property address, or the grantor/grantees names, for example. Note also that HCAD publicly discloses details about the property such as land area; total living area, map location, exemptions by type; year built, quality, foundation type, heating/AC, room and bath total, even whether it has a fireplace. RR3: PX6 (at page "Cones-0041-44).

<u>TPIA § 552.149 does not apply to Count Clerk deed information</u>

Neither by its language nor in reviewing its legislative purpose does section 552.149 apply to information obtained from public records of the County Clerk's office. By its wording, section 552.149 does not apply to all information HCAD obtains about real property, even from contractors; it applies only to "real property sales prices, descriptions, characteristics, and other related information" that

---

[5] A Westlaw search revealed no reported appellate court opinions, only Attorney General letter rulings, interpreting section 552.149(a).

Appellees' Brief

HCAD receives from contractors. On its face, that would not include the deed document number created by the County Clerk and stamped onto each deed filed in the Clerk's Office, even if a copy of that public record is provided to HCAD by its contractor.

Section 552.149 makes confidential only:

1.  "sales prices" – Integrity Title has not requested sales price information;

2.  "descriptions" – Integrity Title has not requested a description of any real property. Revealing a deed document number/date does not reveal a description of the property.

3.  "characteristics" -- Integrity Title has not requested characteristics of any real property. Revealing a deed document number/date does not reveal characteristics of the property.

4.  "other related information" – The County Clerk's deed document number is not related to the sales price or property description or characteristics. This phrase is to be narrowly construed and confined to the preceding "sales price" and description/characteristics of the property that the private entity creates or owns. The deed document number/date is not created by or owned by PropertyInfo, and certainly the HCAD account number is not.

In addition, the legislative history of the MLS Exception to disclosure

reveals a narrow purpose for this exception; it was merely intended to "allow[]" relationships between MLSs and appraisal districts to continue." *See* OR2014-00904 at 2; RR3: PX 3 at 2 ("... the purpose of this statute is to allow relationships between the MLS and appraisal districts to continue."). Section 552.149 was added to the Government Code in 2007 by H.B. 2188, and the Bill Analysis, "Background and Purpose" (in its entirety) says:

## BACKGROUND AND PURPOSE

Many privately-owned and operated multiple listing services (MLS) provide information to appraisal districts regarding the sale of real property. This is done not as a requirement, but on a voluntary basis. The relationship benefits both parties: (1) appraisal districts are aided in their valuation of real property and (2) multiple listing services benefit from more complete property tax records, including square footage, and other property information retained by appraisal districts.

Recently, the Attorney General issued an opinion indicating information provided by an MLS to an appraisal district through a confidentiality agreement is nonetheless subject to open records statutes. As a result, many multiple listing services have discontinued providing sales information to appraisal districts.

C.S.H.B. 2188 will exempt real property sales prices, descriptions, characteristics, and other related information provided by a private entity to an appraisal district from disclosure under open records laws *thereby allowing relationships between MLSs and appraisal districts to continue.*

Senate State Affairs Comm., Bill Analysis, Tex. H.B. 2188, 80th Leg., R.S. (2007). (emphasis added).

HCAD errs by interpreting the MLS Exception so broadly to apply to

information obtained from the County Clerk's public records. Such records are not included in the description of information to which the language of section 52.149 says it applies. Section 552.149 was merely intended to permit appraisal districts to get sales price information and other property information from MLS *that MLS real-estate agents collected, created, and provided to MLS* without making that proprietary MSL data subject to disclosure to the public. None of the information at issue in this case (the HCAD account number and County Clerk's deed document number/date) was created by, or owned by, Property Info, an MLS, or any private entity.

<u>HCAD withholds deed information it did not obtain from a vendor</u>

As noted above, Section 552.149 is limited to privately generated information (such as sales prices) that HCAD "received from a private entity ... *under Chapter 6, Tax Code*...." Chapter 6, specifically section 6.11, of the Tax Code is merely the appraisal district's general purchasing and contracting authority. So, section 552.149 applies only to information of the limited character described in section 552.149 (basically private-generated information such as "sales prices, descriptions, characteristics....") *that HCAD contracts to obtain*, not to information HCAD obtains or receives *without* such a contract.

But at trial, it was discovered that HCAD also withheld County Clerk deed document numbers in HCAD's records that HCAD obtained voluntarily from

taxpayers providing copies of deeds or otherwise. RR2: 93, 97, (Testimony of HCAD witness Kelly Sherbert, testifying that "probably 20 to 30 percent" of HCAD's files with the County Clerk's deed document number in them were obtained without a contract, *e.g.*, clearly outside the scope of section 552.149. This is an important fact that HCAD did not disclose to the Attorney General in its request for a ruling. HCAD is without any legal excuse whatsoever for having refused to provide the accounts with deed document numbers that were not provided by PropertyInfo.

## CONCLUSION

The trial court's judgment should be affirmed. The court has jurisdiction under TPIA section 552.321(a)—regardless of any Attorney General open records disclosure ruling—to mandamus HCAD because HCAD refuses to provide "public information," *i.e.,* the HCAD files showing the County Clerk's deed document number and date. The information Integrity Title requested from HCAD is not information within the scope of section 552.149(a), the MLS Exception to disclosure, especially under proper rules for interpreting the Texas Public Information Act.

## PRAYER

For these reasons, Appellees ask this Court to affirm the trial court's judgment.

Respectfully submitted,

Bill Aleshire
Texas Bar No. 24031810
AleshireLAW, P.C.
700 Lavaca, Suite 1400
Austin, Texas 78701
Telephone: (512) 320-9155
Facsimile: (512) 320-9156
Bill@AleshireLaw.com

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with TRAP Rule 9.4 and contains 4,217 words in Times New Roman typeface of 14-point.

/s/ Bill Aleshire
Bill Aleshire

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served on the parties, through counsel of record, via e-file on August 16, 2015.

**Appellant's Counsel**
Donna L. Johnson
State Bar No. 24068896
DJohnson@olsonllp.com
Andrea Chan
State Bar. No. 04086600
AChan@olsonllp.com
OLSON & OLSON
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019-2133
Telephone: (713) 533-3800
Fax: (713) 533-3888

/s/ Bill Aleshire
Bill Aleshire