**H. D. SNOW HOUSEMOVING, INC., Appellant,**

v.

**Eldon D. MOYERS, Sheriff of Wise County, Texas, et al., Appellees.**

**No. 18100.**

Court of Civil Appeals of Texas, Fort Worth.

May 17, 1979.

Law Offices of Charles Dickens, and Charles Dickens and Kenneth J. Mendel, Fort Worth, for appellant.

Wm. A. Nobles, Decatur, for appellees.

## OPINION

SPURLOCK, Justice.

H. D. Snow Housemoving, Inc., a judgment creditor, appeals a take nothing judgment rendered in a suit to mandamus a sheriff to sign a deed to real property sold to it at a sheriff sale pursuant to foreclosure of its lien thereon. The suit was also to foreclose the lien on the property and for a declaration that the interests of subsequent grantees of the judgment debtor and the holder of first lien on the property are subordinate to the interest of Snow. The questions presented are whether the land in question was the homestead of the judgment debtor at all material times, and whether a conveyance of the property by deed from the debtors to a third person was invalid as an attempt to improperly mortgage the homestead. The trial court found the land was homestead at all material times and that the conveyance was valid.

We affirm.

In 1971 John Jackson and wife, Jacci, contracted to purchase 16.84 acres of real property in Wise County, Texas. They actually acquired title by a deed to about one acre out of the tract. In April 1972, Jackson signed a contract with H. D. Snow Housemoving, Inc., for Snow to move a barracks from a nearby air force base onto the property. Mrs. Jackson did not sign the contract. The contract price was about $5,800.00 and the contract provided that payment was secured by a lien on the property. There is no indication in the record the lien was filed in the deed records. Snow performed its obligation by moving the structure on the property. However, the Jacksons have never paid Snow any of the contract price.

The Jacksons contracted with Robert Kelly to remodel and improve the structure so that they could use it as their home. There is no indication in the record that this agreement gave Kelly a lien on the property. Kelly made the improvements but the Jacksons were unable to pay him. In 1973 Snow sued John Jackson in Tarrant County and took a default judgment against him for the agreed price of moving the structure. The judgment also provided for the foreclosure of Snow's lien on the property. Mrs. Jackson was not a party to this action. Jackson has never paid the judgment. In May 1974 the Jacksons conveyed the one acre to Kelly. Kelly sold the property to Billy J. Stewart and wife, Freddie Ruth, in August 1974.

In October 1974 the district clerk of Tarrant County issued an order of sale pursuant to the 1973 default judgment. In December 1974 Eldon Moyers, then Sheriff of Wise County, held a public sale. The property was sold to Harold Don Snow, president of Snow Housemoving, Inc. After Sheriff Moyers refused to sign a deed conveying the property to Harold Don Snow, H. D. Snow Housemoving, Inc., instituted

this action against Sheriff Moyers, Billy Stewart and wife, Freddie, and the Azle State Bank, for a writ of mandamus to compel Sheriff Moyers to sign the deed, for a declaration that the interest of the Stewarts and the bank is subordinate to the judgment lien and for foreclosure of the lien. By agreement of the parties through a trial amendment Carl "Rook" Ramsey, the present Sheriff of Wise County, was substituted as a party defendant.

H. D. Snow Housemoving, Inc., complains of the trial court's judgment by three points of error. It claims the trial court erred in refusing to mandamus the sheriff to compel him to sign the deed, in refusing to hold that the Stewarts' interest is subordinate to the judgment lien, and in failing to foreclose the judgment lien against the property. The basis for each of these complaints is appellant's contention that there was uncontroverted evidence that the property was not, at all material times, the homestead of Mrs. Jackson. In its brief appellant states that the only real issue is the homestead rights of Mrs. Jackson.

It is appellant's position that the purported sale of the property to Kelly on May 30, 1974 is void except as to constitute an abandonment of Mrs. Jackson's homestead rights. Appellant claims that by conveying the property to Kelly the Jackson's were attempting to place an unconstitutional mortgage thereon. Further, appellant reasons that because the sale to Kelly was invalid, Kelly had no title or interest in the property to convey to the Stewarts. Thus the Jacksons would still own the property. Since John Jackson abandoned his homestead rights by failing to assert a homestead defense in suffering the default judgment, and Mrs. Jackson abandoned her homestead rights in the transaction with Kelly, Snow claims mandamus is his absolute entitlement.

The appellees contend that Snow's points of error present a no evidence question for review of the disputed findings. We agree. The nature of the points of error and argument together with Snow's prayer that the judgment of the trial court be reversed and a writ of mandamus be issued leads us to conclude that if there is any evidence more than a scintilla which, with the inferences that may be properly drawn therefrom, supports the findings, they must be sustained.

The trial court found that the property was Mrs. Jackson's homestead, that the transaction with Kelly resulted in a valid sale and that at the time of trial the Stewarts owned the property. Appellant in its points of error and argument challenges these findings. In order to resolve this dispute we have thoroughly reviewed the record in this case.

■ We agree that Jackson abandoned his homestead rights when he suffered the default judgment. However, since Mrs. Jackson was not a party to that action, the default judgment did not affect her homestead rights. Appellant apparently agrees because it does not challenge the trial court's finding that she abandoned her rights May 30, 1974 in the transaction with Kelly. Appellant asserts that its judgment lien attached to the property May 30, 1974 because the purported sale to Kelly was invalid.

■ The general rule of whether a transaction is a conveyance or a mortgage is stated in 28 Tex.Jur.2d Homesteads § 101, at 499–500 (1961), as follows:

"[W]hether a transaction is a mortgage . . . is to be determined, not wholly by reference to the instruments the parties executed, but also by reference to such extrinsic matters as show what the parties intended to accomplish. The issue is a question of fact . . . ."

■ There is evidence in the record which could infer that the Jacksons did not intend to divest themselves of all interest in the property. The record is clear that they were experiencing financial difficulties and were forced to act. The record also indicates that they hoped to recover the property. However, we find that there is ample evidence to support the trial court's finding that the transaction resulted in a valid sale. Both Jackson and his wife testified that the

purpose of the sale was to pay Kelly for the work he and his men had done. Mrs. Jackson testified that she considered the property Kelly's after the conveyance to him and no longer regarded it her homestead. There is also evidence that the Jacksons received several thousand dollars from Kelly after he sold the property to the Stewarts. This evidence infers that Kelly took title to the property in satisfaction of the debt for his work on the structure and returned to the Jacksons the excess in the amount of proceeds from the sale. Further, Mrs. Jackson stated she believed the Stewarts are the present owners of the property. We conclude that this along with other evidence in the record supports the finding of the trial court that the sale to Kelly was valid.

The only complaint made of the trial court's finding that the Stewarts owned the property at the time of trial is appellant's contention that Kelly did not acquire any interest because the conveyance from the Jacksons was invalid, therefore, Kelly had no interest to convey to the Stewarts. Since we have concluded that the conveyance to Kelly was valid, it follows that he effectively conveyed his interest to the Stewarts. The trial court properly found that the Stewarts were the owners at the time of trial.

Although we have not separately discussed appellant's points of error, each has been severally considered and each is overruled.

The judgment of the trial court is affirmed.

MASSEY, C. J., concurs in the result.