**AFFIRM; and Opinion Filed April 22, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00503-CV

**GWENDOLYN GABRIEL, Appellant**
**V.**
**MERRY OUTLAW, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-02456**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Pedersen III
Opinion by Justice Brown

This is an appeal from a mandamus proceeding initiated in the trial court by appellee/judgment creditor Merry Outlaw. Appellant/judgment debtor Gwendolyn Gabriel challenges the trial court's order directing the Dallas County Sheriff to execute a sheriff's deed to certain real property. In two issues, Gabriel contends the trial court erred because Outlaw did not join a necessary party and failed to prove she was entitled to mandamus relief. For reasons that follow, we affirm.

The background facts are taken from the parties' appellate briefs and pleadings in the trial court. *See* TEX. R. APP. P. 38.1(g). On August 8, 2017, the judge of the 116th Judicial District Court of Dallas County entered a final judgment in an underlying lawsuit between Outlaw and

Gabriel.[1]  The judgment awarded Outlaw $82,456.80 plus interest against Gabriel.  On August 14, 2017, Outlaw filed an abstract of judgment with the Dallas County Clerk's Office.  *See* TEX. PROP. CODE ANN. § 52.001 (properly recorded and indexed abstract of judgment creates lien on judgment debtor's non-exempt real property in county).  Two days later, Gabriel recorded a special warranty deed conveying real property at 804 Calcutta Drive in Dallas to Kenneth Gabriel.  Outlaw alleges that Kenneth is Gabriel's brother.  In October 2017, the trial court issued a writ of execution to enforce the judgment.  As a result, a deputy sheriff levied upon 804 Calcutta, and notice of sale was published.  The sheriff's sale took place on January 2, 2018, and Outlaw was the successful bidder.  After the sale, Dallas County Sheriff Marian Brown refused to execute the documents necessary to convey title to the property.

Outlaw filed a petition for writ of mandamus in the trial court seeking a writ requiring the sheriff to execute a sheriff's deed to 804 Calcutta.  Gabriel opposed Outlaw's petition for various reasons.  Among other things, Gabriel asserted that Kenneth owned the property at the time of the sheriff's sale and complained of Outlaw's failure to join him as a party.  Outlaw maintained the transfer to Kenneth was not effective because it occurred after the judgment was abstracted.  After a hearing, the trial court granted Outlaw's petition and ordered Sheriff Brown to execute the deed.  This appeal followed.

An original proceeding for a writ of mandamus initiated in the trial court is a civil action subject to trial and appeal on substantive law issues and the rules of civil procedure as any other lawsuit.  *Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n.1 (Tex. 1991).  This Court has appellate jurisdiction over such proceedings.  *In re Heaven Sent Floor Care*, No. 05-15-01152-CV, 2016 WL 7230387, *1 (Tex. App.—Dallas Dec. 14, 2016, pet. denied) (mem. op.).  We review the trial court's findings of fact and conclusions of law, whether express or implied, in accordance

---

[1] An appeal from that judgment is pending in this Court in cause number 05-17-01270-CV.

with the standards generally applicable to a trial court's findings and conclusions in any civil matter. *Doe v. Tarrant Cty. Dist. Attorney's Office*, 269 S.W.3d 147, 151 (Tex. App.—Fort Worth 2009, no pet.). We review findings of fact for legal and factual evidentiary support, and we review conclusions of law de novo. *Id.* at 151–52.

Gabriel contends the trial court erred in granting the petition for writ of mandamus because Outlaw failed to (1) join Kenneth and (2) prove a ministerial duty and the lack of an adequate remedy at law.

Ordinarily, to obtain mandamus relief, a party must show both that the trial court clearly abused its discretion and that she has no adequate remedy at law. *See Heaven Sent*, 2016 WL 7230387, at *2 (citing *In re Prudential Ins. Co.*, 148 S.W.3d 124 (Tex. 2004) (orig. proceeding)). A writ of mandamus will issue to compel a public official to perform a ministerial act. *Anderson*, 806 S.W.2d at 793. An act is ministerial when the law clearly spells out the duty to be performed with sufficient certainty that nothing is left to the exercise of discretion. *Id.* A writ of mandamus will not issue to compel a public official to perform an act which involves an exercise of discretion. *Id.* Chapter 34 of the civil practice and remedies code governs execution on judgments and sets out the manner in which an execution sale is to be conducted. TEX. CIV. PRAC. & REM. CODE ANN. § 34.041. Section 34.045 provides, "When the sale has been made and its terms complied with, the officer shall execute and deliver to the purchaser a conveyance of all the right, title, interest, and claim that the defendant in execution had in the property sold." *Id.* § 34.045(a).

We address Gabriel's issues together as they are intertwined. In her first issue, she argues the trial court erred in granting mandamus relief because Outlaw failed to join Kenneth, a necessary party. Gabriel contends Kenneth owned the property on the date of the sheriff's sale and the relief Outlaw sought could not be granted if he was not before the court. She relies on rule of civil procedure 39. TEX. R. CIV. P. 39 (joinder of persons needed for just adjudication). In her second

issue, Gabriel asserts the trial court erred in granting mandamus relief because Outlaw cannot show the sheriff had a ministerial duty to sign the deed or show the lack of an adequate remedy at law. Gabriel asserts the sheriff had discretion to refuse to sign a deed because the property was conveyed to Kenneth.[2] Gabriel also argues that Outlaw had an adequate remedy at law—an action under the Texas Uniform Fraudulent Transfers Act (TUFTA). *See* TEX. BUS. & COM. CODE ANN. §§ 24.001–.013.

As stated, section 34.045 of the civil practice and remedies code requires that when a sheriff's sale has been made and its terms complied with, "the officer *shall* execute and deliver to the purchaser a conveyance of all right, title, interest, and claim that the defendant in execution had in the property sold." *Id.* § 34.045(a) (emphasis added); *see Perryman v. Spartan Tex. Six Capital Partners, Ltd.*, 546 S.W.3d 110, 131 (Tex. 2018) ("By its plain and common meaning, 'shall' denotes mandatory action."). Gabriel does not complain the sheriff's sale was improperly conducted. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 34.041 (date and time of sale), 34.0445 (persons eligible to purchase real property). We fail to see how Gabriel's claim that Kenneth owned the property at the time of sale impacted the sheriff's obligation to execute a sheriff's deed after the sale to Outlaw. We note that a sheriff's sale conveys only the right, title, and interest that the judgment debtor had in the property. *Apex Fin. Corp. v. Garza*, 155 S.W.3d 230, 236 (Tex. App.—Dallas 2004, pet. denied); *see* TEX. PROP. CODE ANN. § 34.045(a). A sheriff's deed would not impede Kenneth's ability to pursue any claims he might have related to ownership of the property in question.

Gabriel cites *H.D. Snow Housemoving, Inc. v. Moyers*, 581 S.W.2d 809 (Tex. App.—Fort Worth 1979, no writ), for the proposition that a sheriff has discretion to refuse to sign a sheriff's

---

[2] In the trial court, Gabriel also argued the sheriff had discretion to refuse to sign the deed because Gabriel had superseded the underlying judgment. At the hearing in the trial court, an attorney representing the sheriff indicated the supersedeas bond was the reason the sheriff did not sign the deed. At that hearing, the trial court granted a motion to cancel the supersedeas bond, and Gabriel does not make any argument about the bond on appeal.

deed if the judgment creditor cannot show a superior right to the property as against the current owner. The opinion does not expressly make such a statement. Further, the case is distinguishable because, unlike this case, the judgment creditor's mandamus action to order the sheriff to sign the deed was not the only relief sought from the trial court. In addition to its petition for writ of mandamus, the judgment creditor also brought suit "to foreclose the lien on the property and for a declaration that the interests of subsequent grantees of the judgment debtor and the holder of the first lien on the property are subordinate" to its judgment lien. *Id.* at 810–11. After a trial before the court on these issues, the trial court found that the subsequent transfers of the property were valid, and the court of appeals held there was evidentiary support for that conclusion. *See id.* at 811–12. The sole issue in this case was whether Sheriff Brown was required to sign a sheriff's deed conveying the property to Outlaw after the sheriff's sale. No party sought a determination of the validity of Gabriel's transfer to Kenneth, nor is there any evidence in this record from which the trial court could have determined that issue. The trial court did not err in determining the merits of Outlaw's mandamus action in the absence of Kenneth or in determining the sheriff had a ministerial duty to sign the deed.

Gabriel also argues that if Outlaw thought the conveyance to Kenneth was fraudulent, she should have sought relief under TUFTA and thus had an adequate remedy at law precluding mandamus relief. It has long been the law in Texas that a judgment creditor may establish and foreclose on her judgment lien without first maintaining an action to set aside a fraudulent conveyance. *Texas Sand Co. v. Shield*, 381 S.W.2d 48, 55 (Tex. 1964) (citing *Eckert v. Wendel*, 40 S.W.2d 796 (Tex. 1931)). We conclude the trial court did not err in granting Outlaw's petition for writ of mandamus. We overrule Gabriel's two issues.

We affirm the trial court's order.

/Ada Brown/
ADA BROWN
JUSTICE

180503F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GWENDOLYN GABRIEL, Appellant

No. 05-18-00503-CV      V.

MERRY OUTLAW, Appellee

On Appeal from the 116th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-18-02456.
Opinion delivered by Justice Brown, Justices Schenck and Pedersen III participating.

In accordance with this Court's opinion of this date, the trial court's Order for Writ of Mandamus is **AFFIRMED**.

It is **ORDERED** that appellee Merry Outlaw recover her costs of this appeal from appellant Gwendolyn Gabriel.

Judgment entered this 22nd day of April 2019.